UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Curtis Neal, *on behalf of himself and others similarly situated*, | ) ) ) | 
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| Wal-Mart Stores, Inc., d/b/a Walmart and Synchrony Bank, f/k/a GE Capital Retail Bank, | ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No.: 3:17-cv-00022

Jury Trial Demanded

## AMENDED CLASS ACTION COMPLAINT

### Nature of this Action

1. Curtis Neal ("Plaintiff") brings this class action against Wal-Mart Stores, Inc., d/b/a Walmart ("Walmart") and Synchrony Bank, f/k/a GE Capital Retail Bank ("Synchrony") (together, "Defendants"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*   \*   \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

1

3. Upon information and good faith belief, Synchrony, on behalf of Walmart, routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to numbers assigned to a cellular telephone service, without prior express consent, in that it places autodialed calls to wrong or reassigned phone numbers.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court under 28 U.S.C. § 1391(b) as Plaintiff resides in this district, a portion of the events giving rise to this action occurred in this district, and Defendants transact business in this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Charlotte, North Carolina.

7. Walmart is an entity headquartered in Bentonville, Arkansas.

8. Synchrony is an entity located in Draper, Utah.

## Factual Allegations

9. In September 2016, Plaintiff obtained a new cellular telephone number—(704) 912-XXXX.

10. Shortly thereafter, Plaintiff began receiving telephone calls from Synchrony, on behalf of Walmart, on his cellular telephone number.

11. Plaintiff received the calls at issue from (913) 789-2979.

12. A caller who dials (913) 789-2979 is greeted with a prompt that states, in part: "Thank you for calling Walmart Credit Services."

13.     Synchrony's calls, on behalf Walmart, to Plaintiff's cellular telephone number were intended for a recipient other than Plaintiff—in particular, a woman named Angelica.

14.     On at least one occasion, Plaintiff answered a call from Synchrony, on behalf of Walmart, and was greeted with an artificial or prerecorded voice.

15.     On at least one occasion, Synchrony, on behalf of Walmart, left a voice message for Plaintiff on his cellular telephone number by using an artificial or prerecorded voice.

16.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Synchrony, on behalf of Walmart, placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

17.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Synchrony, on behalf of Walmart, placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

18.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Synchrony, on behalf of Walmart, placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the

3

capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

19. Upon information and good faith belief, Synchrony, on behalf of Walmart, placed the calls at issue for non-emergency purposes.

20. Upon information and good faith belief, Synchrony, on behalf of Walmart, placed the calls at issue voluntarily.

21. Upon information and good faith belief, Synchrony, on behalf of Walmart, placed the calls at issue under its own free will.

22. Upon information and good faith belief, Synchrony, on behalf of Walmart, had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to place the calls at issue.

23. Upon information and good faith belief, Synchrony, on behalf of Walmart, intended to use an automatic telephone dialing system or an artificial or prerecorded voice to place the calls at issue.

24. Plaintiff is not, nor was, one of Synchrony's customers or one of Walmart's customers.

25. Plaintiff does not, nor did, have a business relationship with either Synchrony or Walmart.

26. Plaintiff never applied for or obtained credit, or a credit card, from either Synchrony or Walmart.

27. Plaintiff did not give either Synchrony or Walmart prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system.

28. Upon information and good faith belief, Defendants maintain business records that show all calls Synchrony, on behalf of Walmart, placed to Plaintiff's cellular telephone number.

29. Plaintiff suffered actual harm as a result the calls at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

30. As well, the calls at issue depleted or consumed, directly or indirectly, cellular telephone minutes for which Plaintiff paid a third party.

31. Moreover, the calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

32. Upon information and good faith belief, Synchrony, on behalf of Walmart, as a matter of pattern and practice, uses an automatic telephone dialing system or an artificial or prerecorded voice to place calls to telephone numbers assigned to cellular telephone service providers, absent prior express consent.

**Class Action Allegations**

33. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> *Class I*: All persons and entities throughout the United States (1) to whom Synchrony Bank, f/k/a GE Capital Retail Bank, placed two or more calls, (2)

directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) where the first such call was placed on or after June 17, 2016 and through the date of class certification, (5) absent prior express consent—in that the called party was not the intended recipient.

*Subclass I*: All persons and entities throughout the United States (1) to whom Synchrony Bank, f/k/a GE Capital Retail Bank, on behalf Wal-Mart Stores, Inc., d/b/a Walmart, placed two or more calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) where the first such call was placed on or after June 17, 2016 and through the date of class certification, (5) absent prior express consent—in that the called party was not the intended recipient.

*Class II*: All persons and entities throughout the United States not included in *Class I* (1) to whom Synchrony Bank, f/k/a GE Capital Retail Bank, placed two or more calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from December 20, 2016 through the date of class certification, (5) absent prior express consent—in that the called party was not the intended recipient.

*Subclass II*: All persons and entities throughout the United States not included in *Class I* (1) to whom Synchrony Bank, f/k/a GE Capital Retail Bank, on behalf Wal-Mart Stores, Inc., d/b/a Walmart, placed two or more calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from December 20, 2016 through the date of class certification, (5) absent prior express consent—in that the called party was not the intended recipient.

34. Excluded from the classes are Defendants, Defendants' officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

35. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

36. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

37. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

38. In addition, the members of the classes are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendants and by third parties.

39. Plaintiff's claims are typical of the claims of the members of the classes.

40. As it did for all members of the classes, Synchrony, on behalf of Walmart, used an automatic telephone dialing system or an artificial or prerecorded voice, to place calls to Plaintiff's cellular telephone number, without prior express consent.

41. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendants.

42. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

43. Plaintiff suffered the same injuries as the members of the classes.

44. Plaintiff will fairly and adequately protect the interests of the members of the classes.

45. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

46. Plaintiff will vigorously pursue the claims of the members of the classes.

47. Plaintiff has retained counsel experienced and competent in class action litigation.

48. Plaintiff's counsel will vigorously pursue this matter.

49. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

50. The questions of law and fact common to the members of the classes predominate over questions that may affect individual class members.

51. Issues of law and fact common to all members of the classes are:

   a. Defendants' conduct, pattern, and practice;

   b. Defendants' violations of the TCPA;

   c. Defendants' use of an automatic telephone dialing system as defined by the TCPA;

   d. Defendants' use of an artificial or prerecorded voice; and

   e. The availability of statutory penalties.

52. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

53. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

54. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

55. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

56. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

57. The damages suffered by each individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

58. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

59. There will be little difficulty in the management of this action as a class action.

60. Defendants have acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

61. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-60.

62. Synchrony, on behalf of Walmart, violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number, without his consent.

63. Walmart is liable for Synchrony's violations of 47 U.S.C. § 227(b)(1)(A)(iii) stemming from calls that Synchrony placed on Walmart's behalf.

64. Walmart, as Synchrony's principal, is also vicariously liable for Synchrony's violations of 47 U.S.C. § 227(b)(1)(A)(iii).

65. As well, principles of apparent authority and ratification make Walmart liable for Synchrony's violations of 47 U.S.C. § 227(b)(1)(A)(iii).

66. As a result of Synchrony's violations of 47 U.S.C. § 227(b)(1)(A)(iii), committed on behalf of Walmart, Plaintiff and the members of the classes are entitled to damages in an amount to be proven at trial.

## Trial by Jury

67. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Synchrony violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Adjudging that Walmart, as Synchrony's principal, is liable for Synchrony's violations of 47 U.S.C. § 227(b)(1)(a)(iii);

f) Enjoining Synchrony, on behalf of Walmart, from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed classes without prior express consent;

g) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B);

h) Awarding Plaintiff and the classes treble damages under 47 U.S.C. § 227(b)(3);

i) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

j) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

k) Awarding such other and further relief as the Court may deem just and proper.

Dated: March 30, 2017                    Respectfully submitted,


                                         */s/ Aaron D. Radbil*
                                         Aaron D. Radbil (*pro hac vice*)
                                         Greenwald Davidson Radbil PLLC
                                         106 East Sixth Street, Suite 913
                                         Austin, Texas 78701
                                         (512) 322-3912
                                         (561) 961-5684 (fax)
                                         aradbil@gdrlawfirm.com

                                         Wesley S. White
                                         Law Offices of Wesley S. White
                                         State Bar No.: 43916
                                         2300 E. 7th Street, Suite 101
                                         Charlotte, NC 28204
                                         (702) 824-1695
                                         wes@weswhitelaw.com

## CERTIFICATE OF SERVICE

I certify that on March 30, 2017, the foregoing document was filed with the Court using

CM/ECF, which will send notification of such to counsel of record.

                                         /s/ Aaron D. Radbil
                                         Aaron D. Radbil