IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CURTIS NEAL, *on behalf of himself and others similarly situated*,

    Plaintiff(s),

v.

WAL-MART STORES, INC., d/b/a WALMART, and SYNCHRONY BANK, f/k/a GE CAPITAL RETAIL BANK,

    Defendant(s).

Civil Action No. 3:17-CV-00022

## ANSWER OF DEFENDANT WAL-MART STORES, INC. TO AMENDED COMPLAINT

Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), hereby answers the Amended Class Action Complaint ("Complaint"), filed on March 30, 2017, by plaintiff Curtis Neal ("Plaintiff"), as follows:

**Nature of this Action**

1. Answering Paragraph 1 of the Complaint, Wal-Mart admits that Plaintiff purports to bring this action against Wal-Mart and Synchrony Bank ("Synchrony") pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). Wal-Mart denies that it violated the TCPA and denies that Plaintiff has suffered any damages or is entitled to any relief whatsoever.

2. Answering Paragraph 2 of the Complaint, Wal-Mart states this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Wal-Mart states that 47 U.S.C. § 227, et seq., speaks for itself and denies any allegations that are inconsistent therewith.

3. Answering Paragraph 3 of the Complaint, Wal-Mart denies the allegations.

**Jurisdiction And Venue**

4. Answering Paragraph 4 of the Complaint, Wal-Mart states that the jurisdiction allegations contained in this Paragraph consist solely of legal conclusions to which no response is required. To the extent a response is required, Wal-Mart does not contest jurisdiction for purposes of this matter only.

5. Answering Paragraph 5 of the Complaint, Wal-Mart admits that it does business within the Western District of North Carolina. Wal-Mart otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

**Parties**

6. Answering Paragraph 6 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

7. Answering Paragraph 7 of the Complaint, Wal-Mart admits the allegations contained therein.

8. Answering Paragraph 8 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

**Factual Allegations**

9. Answering Paragraph 9 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

10. Answering Paragraph 10 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

12. Answering Paragraph 12 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

23. Answering Paragraph 23 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

24. Answering Paragraph 24 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

25. Answering Paragraph 25 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

28. Answering Paragraph 28 of the Complaint, Wal-Mart denies the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, Wal-Mart denies the allegations contained therein.

30. Answering Paragraph 30 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

31. Answering Paragraph 31 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

32. Answering Paragraph 32 of the Complaint, Wal-Mart denies the allegations contained therein.

**Class Action Allegations**

33. Answering Paragraph 33 of the Complaint, Wal-Mart admits that Plaintiff brings this action on behalf of himself and purportedly on behalf of similarly-situated persons. Wal-Mart denies that any class should be certified in this action and that this action is appropriate for class treatment. To the extent a further response is required, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

34. Answering Paragraph 34 of the Complaint, Wal-Mart states that there are no allegations directed at Wal-Mart therein. To the extent a response is required, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, Wal-Mart denies the allegations contained therein.

36. Answering Paragraph 36 of the Complaint, Wal-Mart admits that Plaintiff brings this action on behalf of himself and purportedly on behalf of similarly-situated persons. Wal-Mart denies that such purported individuals may be ascertained through discovery of Wal-Mart because Wal-Mart did not place any of the alleged calls. Wal-Mart otherwise denies that any class should be certified in this action and that this action is appropriate for class treatment. To the extent a further response is required, Wal-Mart denies the allegations contained in Paragraph 36.

37. Answering Paragraph 37 of the Complaint, Wal-Mart denies the allegations contained therein.

38. Answering Paragraph 38 of the Complaint, Wal-Mart denies the allegations contained therein.

39. Answering Paragraph 39 of the Complaint, Wal-Mart denies the allegations contained therein.

40. Answering Paragraph 40 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

41. Answering Paragraph 41 of the Complaint, Wal-Mart denies the allegations contained therein.

42. Answering Paragraph 42 of the Complaint, Wal-Mart denies the allegations contained therein.

43. Answering Paragraph 43 of the Complaint, Wal-Mart denies the allegations contained therein.

44. Answering Paragraph 44 of the Complaint, Wal-Mart denies the allegations contained therein.

45. Answering Paragraph 45 of the Complaint, Wal-Mart denies the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

48. Answering Paragraph 48 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

49. Answering Paragraph 49 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

50. Answering Paragraph 50 of the Complaint, Wal-Mart denies the allegations contained therein.

51. Answering Paragraph 51 of the Complaint, Wal-Mart denies the allegations contained therein.

52. Answering Paragraph 52 of the Complaint, Wal-Mart denies the allegations contained therein.

53. Answering Paragraph 53 of the Complaint, Wal-Mart denies the allegations contained therein.

54. Answering Paragraph 54 of the Complaint, Wal-Mart denies the allegations contained therein.

55. Answering Paragraph 55 of the Complaint, Wal-Mart denies that any class should be certified in this action and that this action is appropriate for class treatment. Accordingly, Wal-Mart denies there is any risk of inconsistent and/or incompatible rights. To the extent a further response is required, Wal-Mart denies the allegations contained in Paragraph 55.

56. Answering Paragraph 56 of the Complaint, Wal-Mart denies the allegations contained therein.

57. Answering Paragraph 57 of the Complaint, Wal-Mart denies that Plaintiff or the members of the putative class suffered any damages whatsoever. Wal-Mart otherwise denies the allegations contained in Paragraph 57.

58. Answering Paragraph 58 of the Complaint, Wal-Mart denies the allegations contained therein.

59. Answering Paragraph 59 of the Complaint, Wal-Mart denies the allegations contained therein.

60. Answering Paragraph 60 of the Complaint, Wal-Mart denies the allegations contained therein.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

61. Answering Paragraph 61 of the Complaint, Wal-Mart incorporates its responses to Paragraphs 1 through 60, above, as if fully set forth therein.

62. Answering Paragraph 62 of the Complaint, Wal-Mart lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

63. Answering Paragraph 63 of the Complaint, Wal-Mart denies the allegations contained therein.

64. Answering Paragraph 64 of the Complaint, Wal-Mart denies the allegations contained therein.

65. Answering Paragraph 65 of the Complaint, Wal-Mart denies the allegations contained therein.

66. Answering Paragraph 66 of the Complaint, Wal-Mart denies that Plaintiff, or anyone he purports to represent, is entitled to any relief whatsoever, including that this action may be certified for class treatment.

## Trial By Jury

67. Answering Paragraph 67 of the Complaint, Wal-Mart admits that Plaintiff has requested a trial by jury.

68. Answering subparagraphs (a) through (k) of Plaintiff's Prayer for Relief, Wal-Mart denies that Plaintiff, or anyone he purports to represent, is entitled to any relief whatsoever, including that this action may be certified for class treatment.

## AFFIRMATIVE DEFENSES

69. Without assuming the burden of proof where it otherwise lies with Plaintiff, Wal-Mart alleges the following separate and distinct affirmative defenses on information and belief:

## FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

70. The Complaint, and each purported claim alleged therein, fails to set forth facts sufficient to state a claim against Wal-Mart.

## SECOND AFFIRMATIVE DEFENSE
### Consent

71. The Complaint, and each purported claim alleged therein, fails to the extent Plaintiff, and/or any person he purports to represent, provided "prior express consent" within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), for all calls allegedly placed to Plaintiff's alleged cellular telephone numbers, and the number of anyone he purports to represent, by any alleged automatic telephone dialing system.

### THIRD AFFIRMATIVE DEFENSE
### Laches

72. The claims of Plaintiff, and/or any person he purports to represent, are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### Mitigation of Damages

73. Although Wal-Mart denies that Plaintiff, and/or any person he purports to represent, suffered any damages, to the extent any damages have been suffered, Plaintiff, and/or any person he purports to represent, failed to mitigate those damages.

### FIFTH AFFIRMATIVE DEFENSE
### Waiver

74. The claims of Plaintiff, and/or any person he purports to represent, are barred, in whole or in part, by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE
### Estoppel

75. The claims of Plaintiff, and/or any person he purports to represent, are barred, in whole or in part, by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### Ratification

76. Plaintiff, and/or any person he purports to represent, ratified the conduct alleged in the Complaint and therefore are barred from recovery against Wal-Mart.

### EIGHTH AFFIRMATIVE DEFENSE
### Standing

77. The Complaint is barred, in whole or in part, on the grounds that Plaintiff, and/or any person he purports to represent, lacks standing to assert any claims against Wal-Mart because Plaintiff, and/or any person he purports to represent, has not been deprived of any

money or property, and otherwise did not suffer any actual damages or concrete injury in fact as a result of any act or practice of Wal-Mart.

## NINTH AFFIRMATIVE DEFENSE
### Not Knowing or Willful

78. Plaintiff, and/or any person he purports to represent, is precluded from any recovery from Wal-Mart for a knowing or willful violation of the TCPA because any such violation, which Wal-Mart denies occurred, would not have been knowing or willful.

## TENTH AFFIRMATIVE DEFENSE
### Due Process

79. The imposition of liability and/or statutory damages under the TCPA as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

## ELEVENTH AFFIRMATIVE DEFENSE
### Violation of Constitution

80. The fines and/or penalties sought by Plaintiff pursuant to the TCPA violate the Excessive Fines Clause of the Eight Amendment and the Takings Clause of the Fifth Amendment of the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE
### Adequate Remedy at Law

81. Plaintiff's claim and the claims of persons he purports to represent for injunctive relief are barred because Plaintiff, and/or any person he purports to represent, cannot establish, among other things, that there is no adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE
### Conduct of Third Parties

82. Plaintiff, and/or any person he purports to represent, is barred from recovery in that any damage sustained by Plaintiff, and/or any person he purports to represent, was the direct

and proximate result of the independent conduct of independent third parties or their agents, and not any act or omission on the part of Wal-Mart.

### FOURTEENTH AFFIRMATIVE DEFENSE
### Safe Harbor

83. Wal-Mart alleges that the claims of Plaintiff, and/or any person he purports to represent, for relief are barred because the alleged conduct, in which Wal-Mart did not participate, complied with the provisions of the applicable F.C.C. regulations, including without limitation the safe harbor provisions of 47 C.F.R. § 64.1200.

### FIFTEENTH AFFIRMATIVE DEFENSE
### No Authority

84. Wal-Mart did not authorize, ratify, encourage, participate in, aid or abet any of the alleged actions of its agents.

### SIXTEENTH AFFIRMATIVE DEFENSE
### Arbitration

85. This Court lacks jurisdiction over the claims of any person that Plaintiff purports to represent who is subject to binding individual arbitration pursuant to the agreement between Synchrony Bank and that person.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### Barred And/or Released By Class Action Settlement

86. Plaintiff's claims, and the claims of any person Plaintiff purports to represent, are barred and released by, among others, the doctrines of <u>res judicata</u>, settlement and compromise to the extent that Plaintiff and such persons are Settlement Class Members in the action entitled <u>Abdeljalil, et al. v. GE Capital Retail Bank, et al.</u>, Case No. 3:12-cv-02078-JAH-MDD (S.D. Cal), or any other action in which such claims have been barred or released.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### Reservation of Rights

87. Wal-Mart expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Wal-Mart prays:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiff take nothing by virtue of the Complaint;

3. That judgment be entered in Wal-Mart's favor;

4. That the Court award Wal-Mart its fees, expenses and costs to the full extent permitted by law; and

5. That the Court award such other relief as just and proper under the circumstances.

Dated: April 21, 2017

Respectfully submitted,

/s/ Michael D. DeFrank
Michael D. DeFrank (N.C. Bar No. 32235)
mdefrank@wyrick.com
Samuel A. Slater (N.C. Bar No. 43212)
sslater@wyrick.com
WYRICK ROBBINS YATES & PONTON LLP
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: (919) 781-4000
Facsimile: (919) 781-4865

and

Julia B. Strickland (pro hac vice pending)
Marcos D. Sasso (pro hac vice pending)
Julieta Stepanyan (pro hac vice pending)
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California
Phone: 310-556-5800

Fax: 310-556-5959

*Attorneys for defendant Wal-Mart Stores, Inc. and Synchrony Bank*

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2017, I filed the foregoing **ANSWER OF DEFENDANT WAL-MART STORES, INC. TO AMENDED COMPLAINT** with the Clerk of Court, using the Court's ECF system, which will automatically send notice of the filing to counsel of record.

/s/ Michael D. DeFrank
Michael D. DeFrank (N.C. Bar No. 32235)
mdefrank@wyrick.com
Samuel A. Slater (N.C. Bar No. 43212)
sslater@wyrick.com
WYRICK ROBBINS YATES & PONTON LLP
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: (919) 781-4000
Facsimile: (919) 781-4865

*Attorneys for defendant Wal-Mart Stores, Inc. and Synchrony Bank*