# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-022-KDB-DCK

| | |
|---|---|
| **Curtis Neal,** *on behalf of himself and others similarly situated*, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **Wal-Mart Stores, Inc., d/b/a Walmart And Synchrony Bank, f/k/a GE Capital Retail Bank,** | ) ) ) ) |
| **Defendants.** | ) ) |
| _____ | ) |
| **Roy Campbell** *on behalf of himself and all others similarly situated*, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **Synchrony Bank,** | ) ) |
| **Defendant.** | ) |
| _____ | ) |

## AGREED CONFIDENTIALITY ORDER

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Confidentiality Order:

1. This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material.

1

Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

**Definitions of Confidential Material**

2. Confidential Material, as used in this Order, may consist of the following: Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Confidential material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief. The parties expressly reserve the right to meet and confer regarding production of responsive materials for which the parties contend a higher level of protection is necessary. The parties shall not designate as confidential information that is already public knowledge.

3. The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

**Procedure for Designating Information as Confidential**

4. To designate information as confidential, the Producing Party shall mark Confidential Material with the legend "CONFIDENTIAL." Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

> a. Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.
>
> b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the

> "CONFIDENTIAL" legend to the designated pages and segregate them as appropriate.

5. A Producing Party may change the confidentiality designation of materials it has produced, as follows: (1) The Producing Party must give the receiving parties notice of the change by identifying the documents or information at issue. Once notice is given, the Receiving Party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation. (2) Within a reasonable period after giving notice, the Producing Party must reproduce the documents or information in a format that contains the new designation. (3) If such information has been disclosed to persons not qualified pursuant to paragraph(s) (12-13) below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is Confidential; and (c) give the Producing Party written assurance that steps (a) and (b) have been completed.

**Clawback Provisions**

6. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

7. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502 (b) and (d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

8. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. A Producing Party must give written notice to any Receiving Party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the Receiving Party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any clawback request.

**Who May Receive Confidential Information**

10. *Confidential Material.* Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and may be disclosed to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

11. *Persons Receiving Confidential Information Must Sign Exhibit A.* Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel shall also require such persons to execute the Affidavit attached as *Exhibit A*, prior to the disclosure of Confidential Material.

**Authorized Uses of Confidential Material**

12. Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

13. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

**Challenges to the Designation of Confidential Material**

14. If counsel for a party receiving documents or information designated as "CONFIDENTIAL" hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Objection to the designation must be in good faith. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith within a week in an effort to resolve the dispute.

(b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, within 14 (fourteen) days from the conclusion of the good faith conferral in subpart (a) above, the proponent of the designation being challenged shall present

the dispute to the Court by motion in accordance with the local rules of court. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

**Withholding of Information**

15. *Non-relevant Attachments*. The parties will meet and confer in good faith regarding production of non-relevant attachments that are attached to relevant emails.

16. *Redactions*. The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; and (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information). The parties will meet and confer in good faith regarding redaction of sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people. Privilege redactions will state, over the redacted portion, "Redacted–Privileged." Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed. The parties will produce redacted documents in PDF or TIFF format with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

**Confidential Material In Filings, Hearings, and Trial**

17. *Confidential Material in Filings.* Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a party may not file Confidential Material in the public record in this action (or in any other action, such as an

appeal). A party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 6.1 of the United States District Court for the Western District of North Carolina. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings.

18. *Confidential Material in Hearings and Trial.* The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action. Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least seven days advance notice to the Producing Party of the intent to use the Confidential Material so that the Producing Party may seek an appropriate Court Order to protect the Confidential Material. Nothing in this Order will bind the Court regarding sealing or limit from public access Confidential Material.

**Continuing Effect of this Order**

19. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, the Court shall make a decision as to the ultimate disposition of information and materials exchanged in the litigation, including any copies, excerpts, and summaries of that information and materials.

**Procedure if Confidential Material Is Required to be Produced**

20. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a

"Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as confidential. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

**Application of this Order to Productions by Third Parties**

21. This Order may be used by third parties producing documents in connection with this action. Third parties may designate information as confidential.

22. If a third party bound by a confidentiality agreement with a party in this action produces (or intends to produce) documents covered by that confidentiality agreement and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the party seeking

protected status to move for a court order designating the materials as confidential after the parties confer.

23. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

24. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document herein, or oppose the production or admissibility of any information or documents which have been requested.

25. This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

RESPECTFULLY SUBMITTED AND DATED this 12th day of September, 2019.

LEMBERG LAW LLC

By:    /s/ Sergei Lemberg
Sergei Lemberg, *Admitted Pro Hac Vice*
Stephen F. Taylor, *Admitted Pro Hac Vice*
43 Danbury Road
Wilton Connecticut 06897
Telephone: (203) 653-2250
Email: slemberg@lemberglaw.com
Email: staylor@lemberglaw.com

Ruth M. Allen, State Bar No. 34739
RUTH ALLEN LAW, PLLC
7413 Six Forks Road, Suite 326
Raleigh, North Carolina 27615
Telephone: (919) 481-4141
Facsimile: (866) 321-9449

Email: ruthallen@ruthallenlaw.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| GREENWALD DAVIDSON RADBIL PLLC | STROOCK & STROOCK & LAVAN LLP |
| By: /s/ Aaron D. Radbil<br>Aaron D. Radbil, *Admitted Pro Hac Vice*<br>401 Congress Ave., Ste. 1540<br>Austin, Texas 78701<br>Telephone: (512) 803-1578<br>Facsimile: (561) 961-5684<br>Email: aradbil@gdrlawfirm.com<br><br>Wesley S. White, State Bar No. 9715<br>LAW OFFICES OF WESLEY S. WHITE<br>2300 E. 7th Street, Suite 101<br>Charlotte, North Carolina 28204<br>Telephone: (702) 824-1695<br>Email: wes@weswhitelaw.com<br><br>*Attorneys for Plaintiffs* | By: /s/ Julieta Stepanyan<br>Julia B. Strickland, *Admitted Pro Hac Vice*<br>Julieta Stepanyan, *Admitted Pro Hac Vice*<br>2029 Century Park East, Suite 1600<br>Los Angeles, California 90067<br>Telephone: (310) 556-5800<br>Facsimile: (310) 556-5959<br>Email: jstrickland@stroock.com<br>Email: jstepanyan@stroock.com<br><br>Michael D. Defrank, State Bar No. 32235<br>Samuel A. Slater, State Bar No. 43212<br>WYRICK ROBBINS YATES & PONTON LLP<br>Post Office Drawer 17803<br>Raleigh, North Carolina 27619-7803<br>Telephone: (919) 781-4000<br>Facsimile: (919) 781-4865<br>Email: mdefrank@wyrick.com<br>Email: sslater@wyrick.com<br><br>*Attorneys for Defendants Wal-Mart Stores, Inc. and Synchrony Bank* |

## ORDER

**IT IS SO ORDERED**.

David C. Keesler
United States Magistrate Judge

# **EXHIBIT A TO CONFIDENTIALITY ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| Curtis Neal, *on behalf of himself* *and others similarly situated*, | ) ) ) | Civil Action No.: 3:17-cv-022-KDB-DCK |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Wal-Mart Stores, Inc., d/b/a Walmart and Synchrony Bank, f/k/a GE Capital Retail Bank, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| Roy Campbell *on behalf of himself* *and all others similarly situated*, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Synchrony Bank, | ) ) | |
| Defendant. | ) | |

## AFFIDAVIT OF COMPLIANCE WITH CONFIDENTIALITY ORDER

1. My name is _____. I live at _____. I am working on behalf (or at the direction and engagement) of _____.

2. I am aware that a Confidentiality Order has been entered in the above-captioned lawsuit. A copy of this Confidentiality Order has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as confidential pursuant to such Confidentiality Order ("Confidential Materials") are being disclosed to me only upon the

conditions that I agree (a) to be subject to the jurisdiction of this Court, and (b) to comply with that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Confidentiality Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Confidentiality Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Confidentiality Order.

    4. I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

    5. Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.

DATED: _____, 20___      _____
                                                                                         Signature

                                                                                         _____
                                                                                         Printed Name