IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-022-KDB-DCK

| | |
|---|---|
| CURTIS NEAL, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>WAL-MART STORES, INC., d/b/a WALMART, and SYNCHRONY BANK, f/k/a SYNCHRONY RETAIL BANK,<br><br>    Defendants.<br><br>ROY CAMPBELL, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SYNCHRONY BANK,<br><br>    Defendant. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Synchrony Bank's Motion To Seal Filings Relating To The 'Methodology'" (Document No. 89) filed April 17, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting consent of Plaintiff's counsel, the undersigned will grant the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

    **LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**

**(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

**(1)** A non-confidential description of the material sought to be sealed;
**(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
**(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
**(4)** Supporting statutes, case law, or other authority.

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the motion to seal. Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that "Synchrony Bank's Motion To Seal Filings Relating To The 'Methodology'" (Document No. 89) is **GRANTED**. The following

"Methodology-Related Documents" shall be **sealed**:

>1) Exhibit 2 to the "Reply In Support Of Plaintiffs Motion to Compel…" (Document No. 83-3);

>2) "Plaintiffs' Motion For A Hearing…" (Document No. 84), and its exhibits;

>3) Sections I and II.A. of "Defendant Synchrony's Bank's Surreply…" (Document No. 87-2, pp. 3-7);

>4) "Defendant Synchrony Bank's Memorandum In Opposition…" (Document No. 88), and its attachment;  and

>5) Plaintiffs' anticipated reply in support of their Discoverability Motion, and any exhibits thereto, in their entirety.

**IT IS FURTHER ORDERED** that the parties shall file publicly available redacted versions of these sealed documents, redacting only privileged and confidential information related to the "Methodology," on or before **April 28, 2020**.

**SO ORDERED**.

Signed: April 21, 2020

David C. Keesler
United States Magistrate Judge