# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-022-KDB-DCK

| | |
|---|---|
| **CURTIS NEAL**, on behalf of himself and others similarly situated, )<br>)<br>**Plaintiff**, )<br>)<br>v. )<br>)<br>**WAL-MART STORES, INC.**, d/b/a **WALMART**, and **SYNCHRONY BANK**, f/k/a **SYNCHRONY RETAIL BANK**, )<br>)<br>**Defendants**. ) | **ORDER** |
| **ROY CAMPBELL**, on behalf of himself and all others similarly situated, )<br>)<br>**Plaintiff**, )<br>)<br>v. )<br>)<br>**SYNCHRONY BANK**, )<br>)<br>**Defendant**. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion Of Defendant Synchrony Bank To Stay Proceedings" (Document No. 71) filed February 26, 2020 and the "Motion Of Defendant Synchrony Bank For Leave To File Surreply In Support Of Its Opposition To Plaintiffs' Motion To Compel" (Document No. 87) filed on April 10, 2020. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant the motions.

The "Motion Of Defendant Synchrony Bank To Stay Proceedings" (Document No. 71) and "…Memorandum Of Law In Support…" (Document No. 71-1) were filed on February 26, 2020. Defendant Synchrony Bank ("Defendant") moves to stay proceedings before this Court pending rulings by the United States Supreme Court in Barr v. American Association of Political Consultants Inc. (No. 19-631) and Facebook, Inc. v. Duguid (No. 19-511). (Document No. 71, p. 2). Defendant contends that Barr "has the potential to moot this action altogether." Id. Even if the Supreme Court upholds the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") in Barr, Defendant asserts the Court "will likely act soon after on the pending certiorari petition in Facebook to resolve the significant circuit split on what constitutes an 'automatic telephone dialing system' ("ATDS") under the TCPA – a pivotal issue in this case." Id. Defendant contends that a stay will promote efficiency and will not prejudice Plaintiffs. (Document No. 71, p. 2).

Defendant provides the following instructive legal authority:

> A trial court has broad discretion to stay all proceedings in an action pending resolution of independent proceedings elsewhere. *See Landis*, 299 U.S. at 254. This discretion is "incident to [a district court's] power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quotation marks omitted). Moreover, a "district court ordinarily has discretion to delay proceedings when a higher court will issue a decision that may affect the outcome of the pending case." *White v. Ally Financial Inc.*, 969 F. Supp. 2d 451, 461-62 (S.D.W. Va. 2013); *see also Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (affirming "district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues").
>
> In deciding whether to grant a stay, federal courts generally consider the following: "(1) interest of plaintiff in proceeding expeditiously balanced against prejudice to plaintiff caused by delay,

2

Case 3:17-cv-00022-KDB-DCK   Document 104   Filed 05/19/20   Page 2 of 4

> (2) burden on defendant, (3) convenience to the court, (4) interests of persons not party to the litigation and (5) the public interest." *Suntrust Mortg., Inc. v. Busby*, No. 2:09CV10, 2009 WL 4801347, at *7 (W.D.N.C., Dec. 7, 2009) (citing *In re Mid-Atlantic Toyota Antitrust Lit.*, 92 F.R.D. 358, 359 (D.Md. 1981)). Importantly, the "parties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action." *Landis*, 299 U.S. at 254.

(Document No. 71-1, pp. 11-12).

"Plaintiffs' Memorandum Of Law In Opposition To Defendant's Motion To Stay Proceedings" (Document No. 77) was filed on March 11, 2020. Plaintiffs argue that the likelihood the Supreme Court could strike down the TCPA is "extremely remote." (Document No. 77, pp. 5-6) (citations omitted). Plaintiffs further argue that the Supreme Court has not even granted the petition for writ of certiorari in Facebook, and that "the Supreme Court may never address the ATDS definition." (Document No. 77, p. 6).

Defendant has also filed a "Reply…" (Document No. 80) brief and Notices Of Supplemental Authority" (Document Nos. 94 and 103).

The undersigned acknowledges that this case has already been subject to significant delays, and that the Supreme Court's pending decision(s) *may* have little, if any, impact on this case; nevertheless, the undersigned is persuaded that the stay should be allowed. A decision in Barr is expected in a matter of weeks, and the undersigned finds that any inconvenience or prejudice caused by waiting for a ruling in Barr is outweighed by the possibility that the outcome of that case might have an impact here. However, this Court is unlikely to stay this matter indefinitely, and at this time will decline to stay this case pending a decision in Facebook. Once the Supreme Court decides Barr, the parties will be expected to file a Status Report and this Court will determine how to proceed.

Also, pending is the "Motion Of Defendant Synchrony Bank For Leave To File Surreply In Support Of Its Opposition To Plaintiffs' Motion To Compel" (Document No. 87).  Although this motion was not consented to, it does not appear that Plaintiffs have filed any opposition.  The undersigned will grant the motion and accept "Defendant Synchrony Bank's Surreply In Support Of Its Opposition To Plaintiff's Motion To Compel" (Document No. 99);  See also (Document Nos. 87-2, 87-3).

**IT IS, THEREFORE, ORDERED** that the "Motion Of Defendant Synchrony Bank To Stay Proceedings" (Document No. 71) is **GRANTED**.  This matter is **STAYED** until otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that the parties shall confer and file a Status Report, jointly if possible, within **fourteen (14) days** of the United States Supreme Court's decision in Barr v. American Association of Political Consultants Inc. (No. 19-631).

**IT IS FURTHER ORDERED** that the "Motion Of Defendant Synchrony Bank For Leave To File Surreply In Support Of Its Opposition To Plaintiffs' Motion To Compel" (Document No. 87) is **GRANTED**.

Signed: May 18, 2020

David C. Keesler
United States Magistrate Judge