# Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and among Curtis Neal and Roy Campbell (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), on the one hand, and Synchrony Bank, formerly known as GE Capital Retail Bank ("Synchrony"), on the other hand (collectively, the "Parties"). Plaintiffs, Class Counsel (as defined below) and Synchrony hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all Released Claims (as defined below) of Plaintiffs and the Settlement Class Members (as defined below) included in the actions entitled <u>Curtis Neal, et al. v. Wal-Mart Stores, Inc., dba Walmart and Synchrony Bank</u>, U.S.D.C., Western District of North Carolina, Civil Action No. 3:17-cv-00022, <u>Roy Campbell v. J.C. Penney Company, Inc., et al.</u>, U.S.D.C., Western District of North Carolina, Civil Action No. 3:18-cv-00501, or in any of the other Actions (as defined below), shall be settled, compromised and released upon the terms and conditions contained herein.

## I.    RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.    Plaintiffs filed various Actions alleging, among other things, that Synchrony violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by placing calls to cellular telephones through the use of an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of Plaintiffs and the putative class members.

B.    Synchrony vigorously denies all claims asserted in the Actions and denies all allegations of wrongdoing and liability. Synchrony desires to settle the Actions on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

LA 52331893

C.       This Agreement results from and is the product of extensive, good faith and arm's length negotiations.  The Parties participated in private mediation before Bruce Friedman, Esq. of JAMS, both in person and through multiple follow-up telephone conferences over an extended time.

D.       The Parties enter into this Agreement, subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, to fully, finally and forever resolve, discharge and release all Released Claims (as defined below) of Plaintiffs and the Settlement Class Members in exchange for Synchrony's agreement to pay the total amount of $2,900,000.00 (TWO MILLION, NINE HUNDRED THOUSAND DOLLARS AND NO CENTS) inclusive of Settlement Costs and Settlement Awards as set forth below.

E.       The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.  It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiffs, on behalf of themselves and the Settlement Class, and Synchrony agree to the Settlement, subject to approval by the Court, as follows:

## II.       <u>ADDITIONAL DEFINITIONS</u>

A.       In addition to the terms defined elsewhere within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

1.       "Actions" means <u>Curtis Neal, et al. v. Wal-Mart Stores, Inc., dba Walmart and Synchrony Bank</u>, U.S.D.C., Western District of North Carolina, Civil Action No. 3:17-cv-

00022 and <u>Roy Campbell v. J.C. Penney Company, Inc., et al.</u>, U.S.D.C., Western District of North Carolina, Civil Action No. 3:18-cv-00501.

        2.      "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

        3.      "Claim Form" or "Claim" means the claim form to be submitted by Settlement Class Members in order to receive a Settlement Award pursuant to Section III.F of this Agreement, subject to approval by the Court, substantially in the form attached hereto as <u>Exhibit 1</u>.

        4.      "Claim Period" means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement.  As set forth in III.B.1, the last day of the Claim Period will be 75 days following the Notice Deadline.

        5.      "Class Counsel" means Greenwald Davidson Radbil PLLC and Lemberg Law, LLC.

        6.      "Class Notice" means any type of notice that may be utilized to notify persons in the Settlement Class of the Settlement, including one or more of the following methods: E-mail Notice, Mail Notice, Publication/Media Notice, Website Notice and any different or additional notice that might be ordered by the Court.  A description of the contemplated Class Notice is provided in Section III.E of this Agreement.

        7.      "Class Period" means the period from June 17, 2016 through the date of entry of the Preliminary Approval Order (as defined below).

        8.      "Court" means the United States District Court for the Western District of North Carolina.

        9.      "Cy Pres Distribution" means money that may be distributed in connection with the Settlement pursuant to Section III.G.3 of this Agreement.

10. "Effective Date" means five days after the last of the following dates: (i) the entry of the Final Approval Order; and (ii) the final disposition of any related appeals, or, in the case of no appeal or review being filed, expiration of the applicable appellate period.

11. "E-mail Notice" means the notice that will be provided pursuant to Section III.E.1 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 3.

12. "Final Approval Hearing" means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees, costs and expenses awarded to Class Counsel and the amount of the service awards to Plaintiffs.

13. "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement, the proposed form of which is attached hereto as Exhibit 7. "Final Approval" occurs on the date that the Court enters, without material change, the Final Approval Order.

14. "Mail Notice" means the postcard notice that will be provided pursuant to Section III.E.1 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 2.

15. "Notice Deadline" shall have the meaning set forth in Section III.B.1 of this Agreement.

16. "Opt-Out and Objection Deadline" shall have the meaning set forth in Section III.B.1 of this Agreement.

17. "Preliminary Approval Order" means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit 6. "Preliminary Approval" occurs on the date that the Court enters, without material change, the Preliminary Approval Order.

4

18.     "Publication/Media Notice" means the notice of settlement that will be provided pursuant to Section III.E.2 of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit 4.

19.     "Released Claims" means all claims to be released as set forth in Section III.H of this Agreement.

20.     "Released Parties" means Synchrony and Wal-Mart Stores, Inc. (and all other entities for which Synchrony issues a credit card), and each and all of their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, vendors, and/or predecessors in interest and all of the respective officers, directors, employees, attorneys, shareholders, agents, and assigns of the aforementioned.

21.     "Releases" means all of the releases set forth in Section III.H of this Agreement.

22.     "Releasing Parties" means Plaintiffs and each and all Settlement Class Members, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns.

23.     "Settlement" means the settlement which the Parties have entered to resolve the Actions and the allegations therein.  The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

24.     "Settlement Administrator" means Angeion Group, LLC, or such other person or organization jointly selected by the Parties and approved by the Court.

25.     "Settlement Award" means a payment that may be available to eligible Settlement Class Members pursuant to Section III.F of this Agreement.

26.     "Settlement Class" means: "All persons and entities throughout the United States (1) to whom Synchrony Bank placed, or caused to be placed (either by one of its own employees or by an agent or vendor), a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or

5

prerecorded voice, (4) from June 17, 2016 through the date of the Preliminary Approval Order, (5) where the subject of the call was a Synchrony account that did not belong to the recipient of the call, and (6) where the recipient of the call did not provide Synchrony the telephone number to which it placed, or caused to be placed, the call." Excluded from the Settlement Class are any judge to whom any of the Actions are assigned and any member of such judge's staff and immediate family, as well as all persons who validly and timely request to be excluded from the Settlement Class.

27. "Settlement Class Member" means any person in the Settlement Class who is not validly excluded from the Settlement Class.

28. "Settlement Costs" means: (i) any award of attorneys' fees and costs to Class Counsel approved by the Court; (ii) any service award to Plaintiffs approved by the Court; (iii) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for E-mail Notice, Mail Notice, Publication Notice, and Website Notice and any different or additional notice that might be ordered by the Court); (iv) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing Settlement Awards and other payments, Claim Forms, the cost of maintaining a designated post office box and/or operating the Settlement Website for receiving Claim Forms; and (v) the fees, expenses and all other costs of the Settlement Administrator.

29. "Settlement Fund" means the amount of $2,900,000.00 (TWO MILLION, NINE HUNDRED THOUSAND DOLLARS AND NO CENTS), which amount includes all amounts payable by Synchrony pursuant to this Agreement, including but not limited to all Class Member awards, attorneys' fees, costs, service awards, advancements of notice and administration costs and any and other Settlement Costs paid pursuant to, advanced pursuant to or otherwise described in this Agreement.

30. "Settlement Website" means the website established by the Settlement Administrator to aid in the administration of the Settlement.

6

31.     "Synchrony's Counsel" means Stroock & Stroock & Lavan LLP.

32.     "Website Notice" means the website notice provided pursuant to Section III.E.3 of this Agreement, substantially in the form attached hereto as <u>Exhibit 5</u>.  The Website Notice will be posted on the "Settlement Website."

B.     Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## III.     <u>TERMS OF SETTLEMENT</u>

A.     <u>Conditional Certification of the Settlement Class</u>.  Solely for the purposes of providing Class Notice and implementing the terms of this Agreement, the Parties agree to certification of the Settlement Class.  If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in this Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Actions will return to the status quo as it existed prior to this Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Actions or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, Synchrony or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Actions or in any other proceeding.

B.     <u>Preliminary Approval</u>.

1.     <u>Preliminary Approval Motion.</u>  On or before October 5, 2020, or such other date as agreed upon by the Parties and approved by the Court, Plaintiffs will move the Court for entry of the Preliminary Approval Order, which shall specifically include provisions that: (a) preliminarily approve the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for

7

the Settlement Class for settlement purposes only; (c) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, within forty-five (45) days following entry of the Preliminary Approval Order (the "Notice Deadline"); (e) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class; (f) set a deadline sixty (60) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene (the "Opt-Out and Objection Deadline"); (g) approve the Claim Form and the claims process described herein; (h) set the Claim Period for the submission of Claims to end 75 days after the Notice Deadline; (i) pending determination of whether the Settlement should be finally approved, bar and enjoin all persons in the Settlement Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely Opt-Out; (j) pending final determination of whether the Settlement should be approved, stay all proceedings except those related to effectuating the Settlement; and (k) schedule a hearing to consider Final Approval of the Settlement, which shall be scheduled no earlier than thirty (30) days after the Opt-Out and Objection Deadline. In connection with the contemplated preliminary approval motion and a subsequent motion for final approval of the Settlement, Synchrony will reasonably cooperate with Plaintiffs in regard to providing evidence to the Court in support of Synchrony's good-faith estimate of the size of the Settlement Class.

2.     Stay/Bar of Proceedings.  All proceedings in the Actions will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or

8

entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, will be preliminarily enjoined from: (1) commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; and (2) organizing any Settlement Class Members into a separate class, or soliciting the participation of other Settlement Class Members, for purposes of pursuing as a purported class action any lawsuit in any jurisdiction (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Actions and/or the Released Claims. However, Settlement Class members will not be precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement. The Parties will request the entry of such an injunction in the Final Approval Order.

       C.      <u>Financial Consideration to the Settlement Class</u>.

       1.      <u>The Settlement Fund</u>. Within ten (10) days following the Effective Date, as full and complete consideration for the Settlement, Synchrony shall fund the Settlement Fund (less any credits to which Synchrony is entitled for advancements of notice and administration costs or any other Settlement Costs). Unless the Parties subsequently agree otherwise, the Settlement Administrator shall maintain the Settlement Fund in a segregated account at a financial institution with more than $10 billion in assets in an account or accounts insured by an agency or agencies of the United States government, with insurance that exceeds the amounts deposited. The Settlement Fund shall be used to pay all of the following: (a) Settlement Costs; (b) all Settlement Awards to claiming Settlement Class Members; and (c) any Cy Pres distribution pursuant to Section G.3. The Settlement Fund, including any interest, shall be reduced by the Settlement Costs prior to paying any Settlement Awards to Settlement Class Members. Synchrony shall not, under any circumstances, be obligated to pay any amounts in addition to the Settlement Fund in connection with the Settlement.

9

2.     Termination.  In the event that the Settlement is not ultimately approved, or is terminated, canceled or fails to become effective for any reason including, but not limited to, Section K.3 below, any money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to Synchrony within fifteen (15) days of the event that causes the Agreement to not become effective.

D.     Settlement Administrator.  The Settlement Administrator shall administer various aspects of the Settlement as described herein, and perform other functions assigned to the Settlement Administrator elsewhere in this Agreement, including, but not limited to:  effectuating the Notice Program pursuant to Section E; calculating the amount of the Settlement Awards and distributing the Settlement Fund pursuant to Section III.G; and, in the event of termination of the Settlement pursuant to Section C.2, returning the Settlement Fund, along with any accrued interest or earnings, to Synchrony pursuant to the same Section.  The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

1.     Obtain from Synchrony, on a confidential basis, the list of phone numbers identified by Synchrony as belonging to potential members of the Settlement Class, and perform reverse lookups in an effort to identify persons entitled to notice and to determine their most recent e-mail addresses and/or direct mailing addresses, and update the addresses received through the National Change of Address database for the purpose of providing the Notice and later mailing Settlement Awards;

2.     Provide the Notice, as described herein and approved by the Court;

3.     Establish and maintain a Post Office box for requests for exclusion from the Settlement Class;

4.     Establish and maintain the Settlement Website;

10

5.      Establish and maintain an automated toll-free telephone line (which shall not have live operators) for persons in the Settlement Class to call with, and/or to leave questions or messages regarding, Settlement-related inquiries, and to answer the questions of persons who call with or otherwise communicate such inquiries (except that the Settlement Administrator shall not give, and shall not be expected to give, legal advice);

6.      Process all Claim Forms and requests for exclusion from persons in the Settlement Class;

7.      Provide weekly reports and a final report to Class Counsel and Synchrony's Counsel that summarize the number of requests for exclusion received that period, the total number of exclusion requests received to date and other pertinent information, including Claims information;

8.      In advance of the Final Approval Hearing, prepare an affidavit to submit to the Court that verifies that the Notice Program directed by the Court has been effectuated, confirms the number of valid Claims, and identifies each person in the Settlement Class who timely and properly requested exclusion from the Settlement Class; and

9.      Facilitate and process the payment from the Settlement Fund of the following:  (a) all Settlement Costs (including any award of attorneys' fees and costs to Class Counsel approved by the Court, and any service awards to Plaintiffs approved by the Court); (b) all Settlement Awards to claiming Settlement Class Members; and (c) any Cy Pres Distribution.

E.      <u>Settlement Class Notice Program</u>.  Notices shall be sent to potential members of the Settlement Class; the notice population is anticipated to be larger than Synchrony's estimate of the number of Settlement Class Members.  The Notice Program will be comprised of Direct Notice, Publication/Media Notice and a Website Notice on the Settlement Website, as described below.  The Notices provided under or as part of the Notice Program will not bear or include the Synchrony logo or trademarks (except for the abbreviation "Synchrony"), the return address of Synchrony, or otherwise be styled so as to appear to originate from Synchrony.  Nor will any of

11

the Notices provided under or as part of the Notice Program bear or include the Walmart logo or trademarks, the return address of Walmart, or otherwise be styled so as to appear to originate from Walmart; nor will they include any logos or trademarks of any other company for which Synchrony issues a credit card. The Settlement Administrator shall, by the Notice Deadline, provide:

1. <u>E-mail or Mail Notice</u>. Within fifteen (15) days following Preliminary Approval, Synchrony will provide to the Settlement Administrator a list of approximately 715,000 cellular telephone numbers identified by Synchrony, through its consultant, as belonging to potential members of the Settlement Class. The Parties understand and acknowledge that certain of these telephone numbers will be associated with persons who are not necessarily members of the Settlement Class, but nonetheless direct notice will be attempted based on this set of telephone numbers. Without admitting that any class could be certified for litigation purposes, Synchrony estimates in good faith that the Settlement Class contains approximately 650,000 individuals. The Settlement Administrator will perform reverse lookups in an effort to identify persons entitled to notice and to determine their most recent e-mail and/or mailing address information. The Settlement Administrator may rely on e-mail ("E-Mail Notice") to notify persons identified as possible members in the Settlement Class; direct mail ("Mail Notice") may additionally, or alternatively, be used to provide notice. To the extent necessary, the Settlement Administrator will perform a search using the National Change of Address database and update its records prior to any mailing. The Mail Notice and E-Mail Notice shall be in the form attached hereto as Exhibits 2 and 3, respectively. The E-Mail Notice shall employ technology (such as tracking, return-receipt or other code embedded within the e-mails or e-mail headers or metadata) to permit the Settlement Administrator to reasonably determine whether e-mails have been delivered and/or opened. The E-Mail Notice also shall have a hyperlink that Class Member recipients may click and be taken to a landing page on the Settlement Website. The Settlement Administrator shall use reasonable means to ensure that the E-Mail Notice is not blocked from delivery or diverted to junk e-mail folders by spam filters or similar technology.

LA 52331893

2.      Publication/Media Notice.    The Publication/Media Notice shall refer Settlement Class Members to the Settlement Website and provide a toll-free number for obtaining a copy of the Claim Form and details regarding the Settlement.  The nationwide Publication/Media Notice program is subject to approval by the Parties and will be submitted to the Court in connection with Preliminary Approval.  The Publication/Media Notice shall be in substantially the form attached hereto as Exhibit 4.

3.      Website Notice.  The Settlement Administrator will establish and maintain the Settlement Website dedicated to the Settlement, using a domain name selected by Class Counsel and subject to approval by Synchrony.  If the selected URL for the Settlement Website is not available or is rejected by the Court, a new URL will be selected and agreed upon by the Parties, and presented to the Court for approval.  The Website Notice in the form attached hereto as Exhibit 5, the Claim Form, a copy of this Agreement, the Preliminary Approval Order and the operative Complaint, in addition to other relevant case documents, will be available on the Settlement Website beginning five (5) days following the entry of the Preliminary Approval Order and remain until the Effective Date.   The Settlement Website also shall provide for online submission of Claim Forms and provide for persons in the Settlement Class to update their contact information.  The selected domain name shall not include the names "Synchrony Bank" or "Wal-Mart Stores, Inc.," and shall not include the words "Synchrony" or "Walmart" or any other language or symbol referring to any other company for which Synchrony issues credit cards.  In addition, the domain name shall not bear or include Synchrony's or any of its parents', affiliates' or subsidiaries' logos or trademarks.  The Settlement Website shall not link to, or appear on, the website(s) of Synchrony and/or their parents, affiliates or subsidiaries.   Ownership of the Settlement Website URL shall be transferred to Class Counsel six (6) months after operation of the Settlement Website ceases.

4.      CAFA Notice.  Synchrony shall be responsible for timely compliance with all CAFA notice requirements.

13

LA 52331893

F.  Settlement Awards.

1.  Awards.  Each Settlement Class Member will be entitled to make one Claim upon the Settlement Fund, which will be payable as a cash award, as described below.  Each Settlement Class Member who submits a valid Claim (subject to Section F.2. below) will be paid a Settlement Award, which shall be calculated by dividing the amount remaining in the Settlement Fund (after deducting all Settlement Costs) by the total number of valid Claims (subject to Section F.2. below).

2.  Claims.  Settlement awards shall be made to eligible Settlement Class Members who submit valid Claims.  To make a claim for a Settlement Award, Settlement Class Members must submit a valid and timely "Claim Form," which Claim Form shall include, subject to the Court's approval:  (i) the Settlement Class Member's full name and address; (ii) either the unique id from Mail or E-Mail Notice or the cellular telephone number at which the Settlement Class Member received a call from Synchrony, or on behalf of Synchrony; and (iii) a physically or electronically signed certification that the claimant is a member of the Settlement Class.  The Claim Forms may be submitted to the Settlement Administrator by mail or via the Settlement Website.  Only one valid Claim Form will be honored per Settlement Class Member per cellular telephone number called, regardless of the number of calls the Settlement Class Member received.  Synchrony shall have the right to review and research the submitted Claim Forms and to suggest denial of Claims if Synchrony has a good faith belief that such Claims are improper or fraudulent.  Any suggestion of denial of Claims shall be provided to Class Counsel in writing, who will have the right to suggest otherwise.  The Settlement Administrator shall ultimately decide whether a Claim Form is valid.

3.  Obligations of Settlement Class Members Unaffected By Settlement.  The Settlement shall not affect debts owed and/or contracts between Plaintiffs or Settlement Class Members, on the one hand, and Synchrony, on the other. Plaintiffs, all Settlement Class Members and Synchrony will remain fully obligated on any and all such debts and/or contracts.

14

G.     Distribution of Settlement Awards.

1.     Settlement Award Payments. Settlement Award payments shall be mailed by the Settlement Administrator within thirty (30) days after the Effective Date. The Settlement Administrator will mail, by first class mail, a check to each eligible Settlement Class Member who submitted a Claim Form. The Settlement Administrator will perform skip tracing and re-mailing, as necessary; all costs of such work will be considered Settlement Costs and deducted from the Fund. Checks will be valid for one hundred twenty (120) days from the date on the check.

2.     Remaining Funds and Redistribution. The amounts of any checks that remain uncashed more than one hundred twenty (120) days after the date on the check will be redistributed on a pro rata basis to the eligible Settlement Class Members who cashed their first check, if, after administration, the redistribution is economically feasible in that it would allow for a distribution of $5 (five dollars) each after deducting associated administration costs (the "Redistribution"). The Settlement Administrator shall continue to make subsequent redistributions to the extent any checks remain uncashed one hundred twenty (120) days after the date on the check mailed in connection with the Redistribution, until the Redistribution is no longer economically feasible. Once Redistribution is no longer economically feasible, the remaining amounts shall be distributed as part of the Cy Pres Distribution (defined below). No remaining funds shall revert to Synchrony or otherwise be paid to Synchrony.

3.     Cy Pres Distribution. If there is any money remaining in the Fund after payment of the Settlement Costs (including costs of notice and Claims administration), awards to Settlement Class Members and any Redistributions, such monies will be distributed to non-profit charitable organizations (the "Cy Pres Distribution"). The Cy Pres Distribution shall be made sixty (60) days after completion of the distribution of settlement award payments or, if necessary, after all Redistributions have been exhausted, whichever is later. Plaintiffs and Synchrony shall, at or prior to the hearing on preliminary approval, agree to up to four proposed recipients of the Cy Pres Distribution and the Parties shall submit a filing to the Court identifying such proposed

15

LA 52331893

recipients. The Cy Pres Distribution shall be made equally among the recipients designated by the Parties, subject to approval by the Court. If, for any reason, the Parties and/or the Court determine that one or more proposed recipients are not or are no longer appropriate recipients, the Parties shall agree on replacement recipient(s) of such monies, subject to approval by the Court.

      H.   <u>Releases</u>.  As of the Effective Date, Plaintiffs and the Settlement Class Members provide the following releases:

> Upon entry of the Final Approval Order, the Releasing Parties will be deemed to have fully released and forever discharged the Released Parties from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, with respect to any form of relief, including, without limitation, damages, restitution, disgorgement, penalties and injunctive or declaratory relief, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or are related in any way to the actual or alleged use, or caused use, by Synchrony (or any of its agents, vendors or affiliates, making calls by, on behalf of or caused to be made by Synchrony) of an automatic telephone dialing system and/or an artificial or prerecorded voice (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, <u>et seq.</u>, relevant regulatory or administrative promulgations and case law) to make, or cause to make, calls through the date of the Final Approval Order to a cellular telephone number of a Settlement Class Member where the subject of the call was a Synchrony account that did not belong

16

to the recipient of the call and where the recipient of the call did not provide Synchrony the telephone number to which it placed, or caused to be placed, the call, including, but not limited to, claims under or for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and the regulations promulgated thereunder and relevant case law, and all claims for violation of any other state or federal statutory or common law that regulates, governs, prohibits or restricts the making, placing or initiating of calls using an automatic telephone dialing system and/or an artificial or prerecorded voice (the "Released Claims").

Without limiting the foregoing, the Released Claims specifically extend to claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of Section 1542 of the California Civil Code, and they further waive any and all other applicable or potentially applicable federal or state statute, caselaw, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs

17

and the Settlement Class Members acknowledge that they are aware that they may hereafter learn facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

   I. <u>Attorneys' Fees And Costs</u>. Plaintiffs and Class Counsel will move the Court for an award of attorneys' fees and costs to be paid to Class Counsel from the Settlement Fund, subject to Court approval. The amount requested in attorneys' fees will not be more than one-third of the Settlement Fund, plus actual litigation expenses approved by the Court. Class Counsel shall receive payment of the fees and costs awarded by the Court out of the Settlement Fund within thirty (30) days after the Effective Date. Court approval of attorneys' fees and costs, or their amount, is not a condition of the Settlement. In addition, no interest will be paid on such amounts at any time.

   J. <u>Service Awards</u>. Plaintiffs shall move the Court for "Service Awards" to be paid out of the Settlement Fund, subject to Court approval, not to exceed $10,000.00 (TEN THOUSAND DOLLARS AND NO CENTS) to each Plaintiff. Such Service Awards shall be paid from the Settlement Fund and paid to Plaintiffs at the same time as the attorneys' fees and costs payments to Class Counsel. Court approval of the Service Awards or their amount shall not be a condition of the Settlement. In addition, no interest will be paid on such amounts at any time. PLAINTIFFS CONFIRM THAT THEY SUPPORT THIS SETTLEMENT AS IN THE BEST INTEREST OF THE SETTLEMENT CLASS EVEN IF THE COURT ELECTS NOT TO AWARD PLAINTIFFS ANY SERVICE AWARDS.

   K. <u>Opt-Out Right/Termination</u>.

    1. <u>Opt-Out Requirements</u>. Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Settlement Administrator at the

LA 52331893

address designated in the Class Notice no later than the Opt-Out and Objection Deadline. Subject to the Court's approval, exclusion requests must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name and address of the person in the Settlement Class requesting exclusion; and (c) include the following statement or a statement materially similar to: "I request to be excluded from the settlement in the Neal action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person (including, but not limited to, an attorney) in the Settlement Class, may exclude any other person or any group of persons from the Settlement Class. If a person in the Settlement Class submits both an objection and an exclusion request, the person will be considered to have submitted an exclusion request (and not an objection).

2.      Retention of Exclusions. The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out.

3.      Excessive Opt-Outs. All Settlement Class Members will be bound by all determinations and judgments in the Actions. In the event that the number of persons in the Settlement Class who validly and timely submit opt-out requests exceeds four hundred (400), Synchrony, in its sole discretion, may (but is not required to) terminate the Settlement. Synchrony shall inform Class Counsel within thirty (30) days after it is advised in writing that the number of valid opt-out requests is higher than four hundred as to whether it will exercise the right of termination. In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into, but Synchrony shall pay for all accrued notice and Claims administration costs as of the date of termination of the Settlement.

19

L.     Objections To The Settlement.

1.     Right To Object.  Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or a Service Award, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline.  Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or Service Award.  Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file and serve on all parties a Notice of Intention to Appear with the Court.

2.     Objection Requirements.  Subject to the Court's approval, to be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection:  Class Counsel – Aaron D. Radbil, Greenwald Davidson Radbil PLLC, 401 Congress Avenue, Suite 1540, Austin, Texas 78701; and to Synchrony's Counsel – Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 18th Floor, Los Angeles, California 90067.  An objection must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called; (b) include a statement of such Settlement Class Member's specific objections; (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider; and (d) if the Settlement Class Member is represented by an attorney, list all other cases in which the Settlement Class Member has filed an objection.

20

M.     Final Approval.  Following completion of the Class Notice process and within 30 days following expiration of the Opt-Out and Objection Period, Plaintiffs shall request that the Court enter the Final Approval Order in the form attached hereto as Exhibit 7, which shall specifically include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution for the Settlement Fund and any interest accrued thereon; (d) finally certify the Settlement Class; (e) confirm that the Releasing Parties have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; and (f) dismiss all pending Actions with prejudice, without costs to any party, except as provided in this Agreement, and subject to the Court retaining continuing jurisdiction over the Parties and the Settlement Fund for the purpose of enforcement of the terms of this Agreement.

N.     Dismissal.  Upon entry of the Final Approval Order, all Actions not previously dismissed shall be dismissed with prejudice as to Plaintiffs and all Settlement Class Members.

O.     No Admissions.  Synchrony expressly disclaims and denies any wrongdoing or liability whatsoever.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Released Parties of any liability or wrongdoing and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing by or liability of the Released Parties; (b) is or may be deemed to be or may be used in any civil, criminal or administrative proceeding in any court, administrative agency or other

21

tribunal as an admission or evidence of any fault or omission of the Released Parties; (c) is or may be deemed a waiver of Synchrony's right to challenge class certification if this Settlement for any reason does not become final; or (d) is or may be deemed to be a waiver of Synchrony's right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class.

P.     <u>No Publicity Beyond Notice Procedures</u>.  Class Counsel and/or Plaintiffs will not issue press releases or initiate any public statements regarding the Settlement, with the exception of the Notices, and limited informational references on Class Counsels' websites to the Notices and related publicly available information regarding the Settlement.  The Parties will make no statements of any kind to any third party regarding the Settlement prior to filing a motion for preliminary approval with the Court, with the exception of the Settlement Administrator.  However, the Parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement.  In all communications, the Parties must comply with all confidentiality agreements in the Actions and not disclose information that is not a part of the public record.

Q.     <u>General Provisions</u>.

1.     <u>Settlement Conditioned Upon Approval</u>.  The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court.

2.     <u>Evidentiary Preclusion</u>.  In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them.

3.     <u>Confidentiality</u>.  The terms of this Settlement, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and a

22

motion for preliminary approval of the Settlement is filed with the Court; provided, however, that the Parties may jointly report the pendency of the mediation and/or a settlement in principle to the Court in the Action, and as necessary to obtain proposals from settlement administrators. Synchrony may, at its sole discretion, disclose the terms of the Settlement to its auditors and tax advisors, and to other parties as may be reasonably necessary for tax, securities or legal compliance purposes, or otherwise to effectuate the Settlement. The "Agreed Confidentiality Order" ("ACO") approved by the Court on or about September 17, 2019, will remain in effect currently and subsequent to entry of judgment, and all confidential materials will, promptly after the Effective Date, be returned to the producing party or destroyed. The Settlement Administrator shall also agree to use reasonable efforts to protect any personal identifying information or other sensitive information provided to it by Settlement Class Members, and shall comply with all laws governing the handling of confidential consumer information

4.      No Construction Against Drafter.  This Settlement Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

5.      Entire Agreement.  This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court. The provisions of the Agreement may be waived only in a writing executed by the waiving Party.  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver, by that Party or by any other Party, of any other prior or subsequent breach of this Agreement.

6.      Authority.  Plaintiffs and Synchrony represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Synchrony to

23

all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she has done so freely and he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

7. <u>No Assignment</u>. No Party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

8. <u>Agreement Binding on Successors in Interest</u>. This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

9. <u>Non-Signatory Released Parties Are Third-Party Beneficiaries</u>. Each and every Released Party is, despite not signing this Agreement, a third-party beneficiary of this Agreement with full rights to enforce the Releases given hereunder.

10. <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases. Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

11. <u>Execution In Counterparts</u>. The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall <u>constitute</u> one and the same instrument.

12. <u>Notices</u>. All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

24

As to Plaintiffs and the Settlement Class:

As to Synchrony:

GREENWARD DAVIDSON RADBIL PLLC
Aaron D. Radbil
aradbil@gdrlawfirm.com
401 Congress Avenue, Suite 1540
Austin, TX 78701

STROOCK & STROOCK & LAVAN LLP
Julia B. Strickland
jstrickland@stroock.com
Stephen J. Newman
snewman@stroock.com
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086

LEMBERG LAW LLC
Stephen Taylor
staylor@lemberglaw.com
43 Danbury Road
Wilton, CT 06897

13.    <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

[SIGNATURES APPEAR ON FOLLOWING PAGES]

25

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____                                    Dated:  October ___, 2020

Curtis Neal

_____        10/01/2020                  Dated:  October ___, 2020

Roy Campbell


**SYNCHRONY BANK:**


By:  _____                               Dated:  October ___, 2020

Its:  _____

LA 52331893

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

Greenwald Davidson Radbil PLLC

By: _____  Aaron Radbil

Dated: October __, 2020

Lemberg Law, LLC

By: _____ 10/02/2020  Stephen Taylor

Dated: October __, 2020

**APPROVED AS TO FORM:**

**SYNCHRONY'S COUNSEL**

Stroock & Stroock & Lavan LLP

By: _____  Julia B. Strickland

Dated: October __, 2020

27

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_Curtis Neal (Oct 1, 2020 17:41 EDT)_
Curtis Neal

Dated:  October 1, 2020

_____
Roy Campbell

Dated:  October __, 2020

**SYNCHRONY BANK:**

By:  _____

Dated:  October __, 2020

Its:  _____

26

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

Greenwald Davidson Radbil PLLC

*Aaron D. Radbil*
<span style="font-size:small">Aaron D. Radbil (Oct 2, 2020 08:42 CDT)</span>
_____        Dated:  October **2**, 2020

By:    Aaron Radbil


Lemberg Law, LLC


By:    _____        Dated:  October __, 2020

     Stephen Taylor



**APPROVED AS TO FORM:**

**SYNCHRONY'S COUNSEL**

Stroock & Stroock & Lavan LLP


                               Dated:  October __, 2020

By:    _____
     Julia B. Strickland

LA 52331893

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFFS:**

_____          Dated:  October __, 2020
Curtis Neal


_____          Dated:  October __, 2020
Roy Campbell



**SYNCHRONY BANK:**

By: _____      Dated:  October 2, 2020

Its: _EVP & General Counsel_

LA 52331893

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

Greenwald Davidson Radbil PLLC

By: _____     Dated: October ___, 2020

     Aaron Radbil

Lemberg Law, LLC

By: _____     Dated: October ___, 2020

     Stephen Taylor

**APPROVED AS TO FORM:**

**SYNCHRONY'S COUNSEL**

Stroock & Stroock & Lavan LLP

     *Julia Strickland*                                Dated: October ___, 2020

By:    Julia B. Strickland

27

**EXHIBIT 1**

**CLAIM FORM**

**Carefully separate at perforation**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**

*Neal v. Wal-Mart Stores, Inc., d/b/a Walmart and Synchrony Bank, f/k/a GE Capital Retail Bank*, No. 3:17-cv-00022 (W.D.N.C.);
and *Campbell v. Synchrony Bank*, No. 3:18-cv-00501 (W.D.N.C.).

**CLAIM FORM**

[admin] ID: «[Admin] ID»                    Name/Address Changes:
«First Name» «Last Name»
«Address1»
«City», «State» «Zip»

    I received an automated, or artificial or prerecorded voice call on my cellular telephone from Synchrony Bank from June 17, 2016 through [the date of the preliminary approval order], where the subject of the call was a Synchrony account that did not belong to me, and I did not provide Synchrony my cellular telephone number. I wish to participate in this settlement.

Signature: _____        Date of signature: _____

Unique Claim ID or Telephone number which I received the call(s): _____

**IF YOU MOVE, send your CHANGE OF ADDRESS to the**
**Settlement Administrator at the address on the backside of this form.**

**To receive a payment you must enter all requested information above, sign,**
**and mail this claim form, postmarked on or before [month] [day], 2021.**
You may be able to submit a claim electronically at [website] by using the Claim ID on this postcard.

**Bottom Inside**

---

Postage

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Bottom Outside**

**Neal and Campbell v. Synchrony Administrator**
**[address]**
**[city], [state] [zip code]**

**EXHIBIT 2**

**MAIL NOTICE**

LA 52331893

**Front Inside**

**What is this lawsuit about?** Curtis Neal and Roy Campbell filed class action lawsuits against Synchrony Bank alleging that it violated the TCPA by using an automatic telephone dialing system, or an artificial or prerecorded voice, to place calls to cellular telephones without prior express consent. Synchrony denies the allegations, denies that it used an automatic telephone dialing system to place calls to class members, and denies that it violated the TCPA. The Court did not decide who is right or wrong. The parties agreed to a settlement. The names of the lawsuits are *Neal v. Wal-Mart Stores, Inc., d/b/a Walmart and Synchrony Bank, f/k/a GE Capital Retail Bank*, No. 3:17-cv-00022 (W.D.N.C.) and *Campbell v. Synchrony Bank*, No. 3:18-cv-00501 (W.D.N.C.).

**Why did you receive this notice?** You received this notice because Synchrony's records identified you as a potential member of the following class: "All persons and entities throughout the United States (1) to whom Synchrony Bank placed, or caused to be placed (either by one of its own employees or by an agent or vendor), a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from June 17, 2016 through [the date of the preliminary approval order], (5) where the subject of the call was a Synchrony account that did not belong to the recipient of the call, and (6) where the recipient of the call did not provide Synchrony the telephone number to which it placed, or caused to be placed, the call."

**What does the settlement provide?** Synchrony will establish a settlement fund of $2.9 million to pay for (1) settlement compensation to claiming class members; (2) attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval; (3) litigation costs and expenses incurred by Mr. Neal and Mr. Campbell, subject to the Court's approval; (4) costs of notice and administration; and (5) service awards to Mr. Neal and Mr. Campbell not to exceed $10,000 each, subject to the Court's approval. It is estimated that each valid claimant will receive between $25 and $50, depending on the number of class members who participate.

**What are your legal rights and options?** You have four options. First, if you received an automated, or artificial or prerecorded voice call on your cellular telephone from Synchrony from June 17, 2016 through [the date of the preliminary approval order], where the subject of the call was a Synchrony account that did not belong to you, and you did not provide Synchrony your cellular telephone number, you may timely complete and return the claim form found on the reverse of this postcard, or timely submit a claim online at [website]. Those who submit approved claims will receive a proportionate share of the settlement fund after deducting the above-listed fees, costs, and expenses, and will release any TCPA claim(s) against Synchrony and other released parties. Second, you may do nothing, in which case you will not receive a share of the settlement fund. Third, you may exclude yourself ("opt out") from the settlement, in which case you will neither receive a share of the settlement fund, nor release any TCPA claim(s) you have against Synchrony or other released parties. Or fourth, if you are a class member you may object to the settlement. *If the settlement is approved, all class members who do not opt out (even those who do not submit claims) will release any TCPA claim(s) against Synchrony and other released parties.* To obtain additional information about your legal rights and options, or to access the class notice, motion for approval, motion for attorneys' fees, and any other important documents in the case, visit [website], or contact the settlement administrator by writing to: *Neal and Campbell v. Synchrony* Settlement Administrator., c/o [administrator name and address] or by calling [number].

**When is the final fairness hearing?** The Court will hold a final fairness hearing on [month] [day], 2021, at [time]. The hearing will take place in the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, North Carolina 28202. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Front Outside**

**This is a notice of a settlement of class action lawsuits. This is not a notice of a lawsuit against you.**

A Settlement Agreement has been reached in a class action lawsuit alleging that Synchrony Bank made automated or artificial or prerecorded voice calls regarding a Synchrony account to people who did not own the account or did not provide Synchrony their number.

A settlement fund of $2,900,000.00 has been agreed to pay valid claims, attorneys' fees, costs, any incentive award to the class representatives and settlement administration costs. You may be entitled to receive a share of the fund. The final cash payment will depend on the total number of valid and timely claims filed by all class members. Your legal rights may be affected whether you act or don't act, so read this notice carefully.

**A federal court authorized this notice. This is not a solicitation from a lawyer. Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.**

**Neal and Campbell Settlement Administrator**

[address]
[city], [state] [zip]

Permit Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

**EXHIBIT 3**

**E-MAIL NOTICE**

30

LA 52331893

Claim ID: <<Claim8>>
Pin Code: <<PinCode>>
«FirstNAME» «LastNAME»

## NOTICE REGARDING CLASS ACTION SETTLEMENT
### This is <u>not</u> a notice of a lawsuit against you.

A settlement was reached in class action lawsuits alleging that Synchrony Bank made automated or artificial or prerecorded voice calls regarding a Synchrony account to people who did not own the account or did not provide Synchrony their number in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. You have been identified as a potential class member. Your rights may be affected .

A settlement fund of $2,.9 million will be created to pay valid claims, attorneys' fees, costs, any service awards to the class representatives, and the costs of notice and settlement administration. You may be entitled to receive a share of the fund. The final cash payment will depend on the total number of valid and timely claims filed by all class members. Your legal rights may be affected whether you act or do not act, <u>so please read this notice carefully</u>.

| YOUR OPTIONS | |
|---|---|
| **Option 1:** <br> **Submit a Claim Form** <br><br> **Deadline: _____** | **Complete and submit a claim form and receive a share of the settlement fund** <br> If you submit a valid claim form, you will receive a share of the settlement fund after fees and expenses are deducted, and you will release TCPA claims you may have against Synchrony and other released parties. You may complete a claim form at [www.xyz.com]. |
| **Option 2:** <br> **Ask to be Excluded (Opt Out)** <br><br> **Deadline: _____** | **Get out of this lawsuit and get no benefits from it** <br> If you exclude yourself from the settlement, you will <u>not</u> receive a share of the settlement fund, and you will <u>not</u> release any TCPA claims you may have against Synchrony and other released parties. |
| **Option 3:** <br> **Object to the Settlement** <br><br> **Deadline: _____** | **Object to the terms of the settlement agreement.** <br> You may object to the terms of the settlement agreement and have your objections heard at the [date] final fairness hearing. |
| **Option 4: Do Nothing** | **Do Nothing** <br> If you nothing, you will not receive a share of the settlement fund, but, if you are a class member, you will release any TCPA claim(s) you have against Synchrony and other released parties. |

Your rights are explained in this email. Please read it carefully. You may go to [website] for more information or to submit a claim.

**A federal court authorized this notice. This is <u>not</u> a solicitation from a lawyer. Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.**

**What are these lawsuits about?** Curtis Neal and Roy Campbell filed class action lawsuits against Synchrony alleging that it violated the TCPA by using an automatic telephone dialing system, or an artificial or prerecorded voice, to place calls to cellular telephones without prior express consent. Synchrony denies the allegations, denies that it used an automatic telephone dialing system to place calls to class members, and denies that it violated the TCPA. The Court did not decide who is right or wrong. The parties agreed to a settlement. The names of the lawsuits are:

*Neal v. Wal-Mart Stores, Inc., d/b/a Walmart and Synchrony Bank, f/k/a GE Capital Retail Bank*, No. 3:17-cv-00022 (W.D.N.C.), and *Campbell v. Synchrony Bank*, No. 3:18-cv-00501 (W.D.N.C.)

**Why did you receive this notice?** You received this notice because Synchrony's records identified you as a potential member of the following class: "All persons and entities throughout the United States (1) to whom Synchrony Bank placed, or caused to be placed (either by one of its own employees or by an agent or vendor), a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from June 17, 2016 through [the date of the preliminary approval order], (5) where the subject of the call was a Synchrony account that did not belong to the recipient of the call, and (6) where the recipient of the call did not provide Synchrony the telephone number to which it placed, or caused to be placed, the call."

**What does the settlement provide?** Synchrony will establish a settlement fund of $2.9 million. Out of the settlement fund will be paid: (1) settlement compensation to participating class members; (2) an award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval; (3) litigation costs and expenses incurred by Mr. Neal and Mr. Campbell in litigating claims in this matter subject to the Court's approval; (4) costs of notice and administration; and (5) service awards to Mr. Neal and Mr. Campbell not to exceed $10,000 each, subject to the Court's approval. It is estimated that each valid claimant will receive between $25 and $50, depending on the number of class members who participate.

**What are your legal rights and options?** You have <u>four</u> options.

<u>First</u>, if you received an automated, or artificial or prerecorded voice call on your cellular telephone from Synchrony from June 17, 2016 through [the date of the preliminary approval order], where the subject of the call was a Synchrony account that did not belong to you, and you did not provide Synchrony your cellular telephone number, you may timely submit a claim online at [website] in which case you will receive a proportionate share of the settlement fund after deducting the above-listed fees, costs, and expenses, and will release any TCPA claim(s) you have against Synchrony and other released parties.

Second, you may do nothing, in which case you will not receive a share of the settlement fund, but, if you are a class member, you will release any TCPA claim(s) you have against Synchrony and other released parties.

Third, you may exclude yourself from the settlement (opt out), in which case you will neither receive a share of the settlement fund, nor release any TCPA claim(s) you have against Synchrony or other released parties.

Fourth, if you are a class member you may object to the settlement.

If the settlement is approved by the Court, all class members who do not opt out before the opt-out deadline will release all TCPA-related claims against Synchrony and other released parties.

To obtain additional information about your legal rights and options, or to access the class notice, motion for approval, motion for attorneys' fees, and any other important documents in the case, visit [website], or contact the settlement administrator by writing to: *Neal and Campbell v. Synchrony* Settlement Administrator., c/o [administrator name and address] or by calling [number].

**When is the final fairness hearing?** The Court will hold a final fairness hearing on **[**month] [day], 2021, at [time]. The hearing will take place in the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, North Carolina 28202. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**<u>EXHIBIT 4</u>**

**<u>PUBLICATION/MEDIA NOTICE</u>**

(To be prepared by Settlement Administrator based on approved notices and subject to approval

by the Parties and the Court)

LA 52331893

**EXHIBIT 5**

**WEBSITE NOTICE**

LA 52331893

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO.: 3:17-cv-00022-KDB-DCK**

| | |
|---|---|
| Curtis Neal, *on behalf of himself* *and others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Wal-Mart Stores, Inc., d/b/a Walmart and Synchrony Bank, f/k/a GE Capital Retail Bank, | ) ) ) ) |
| Defendants. | ) ) ) |
| Roy Campbell *on behalf of himself* *and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Synchrony Bank, | ) ) |
| Defendant. | ) |

**WEBSITE NOTICE**

**This is a notice of a settlement of a class action lawsuit.**

**If you received an automated, or artificial or prerecorded voice call on your cellular telephone from Synchrony Bank ("Synchrony") from June 17, 2016 through [the date of the preliminary approval order], where the subject of the call was a Synchrony account that did not belong to you, and you did not provide Synchrony your cellular telephone number, you may be entitled to compensation as a result of the settlement in the class action lawsuits captioned:**

*Neal v. Wal-Mart Stores, Inc., d/b/a Walmart and Synchrony Bank, f/k/a GE Capital Retail Bank*, No. 3:17-cv-00022(W.D.N.C.), and *Campbell v. Synchrony Bank*, No. 3:18-cv-00501(W.D.N.C.)

**A federal court authorized this notice.**

**This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.**

**It explains your rights and options to participate in a class action settlement.**

- Curtis Neal and Roy Campbell sued Synchrony alleging that it placed calls to cellular telephone numbers in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Synchrony denies the allegations against it, and denies that it violated the TCPA.

- A settlement will result in a $2.9 million fund to fully settle and release claims of persons (1) to whom Synchrony placed, or caused to be placed (either by one of its own employees or by an agent or vendor), a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from June 17, 2016 through [the date of the preliminary approval order], (5) where the subject of the call was a Synchrony account that did not belong to the recipient of the call, and (6) where the recipient of the call did not provide Synchrony the telephone number to which it placed, or caused to be placed, the call.

- The settlement fund will be used to pay settlement amounts to class members who elect to participate, after deducting the costs of settlement notice and administration, attorneys' fees, costs, and expenses, and service awards to Mr. Neal and Mr. Campbell.

- Your legal rights are affected, and you now have a choice to make:

| YOUR OPTIONS | |
|---|---|
| **Option 1:**<br>**Submit a Claim Form**<br><br>Deadline: _____ | **Complete and submit a claim form and receive a share of the settlement fund**<br>If you submit a valid claim form, you will receive a share of the settlement fund after fees and expenses are deducted, and you will release TCPA claims you may have against Synchrony and other released parties. You may complete a claim form at [website]. |
| **Option 2:**<br>**Ask to be Excluded (Opt Out)**<br><br>Deadline: _____ | **Get out of this lawsuit and get no benefits from it**<br>If you exclude yourself from the settlement, you will <u>not</u> receive a share of the settlement fund, and you will <u>not</u> release any TCPA claims you may have against Synchrony and other released parties. |
| **Option 3:**<br>**Object to the Settlement**<br><br>Deadline: _____ | **Object to the terms of the settlement agreement.**<br>You may object to the terms of the settlement agreement and have your objections heard at the [date] final fairness hearing. |
| **Option 4: Do Nothing** | **Do Nothing**<br>If you do nothing, you will not receive a share of the settlement fund, but, if you are a class member, you will release any TCPA claim(s) you have against Synchrony and other released parties. |

## Why is this notice available?

This is a notice of a proposed settlement in a class action lawsuit. The settlement would resolve the lawsuits Mr. Neal and Mr. Campbell filed against Synchrony. Please read this notice carefully. It explains the lawsuits, the settlement, and your legal rights, including the process for receiving a settlement award, excluding yourself from the settlement, or objecting to the settlement.

## What are the lawsuits about?

Mr. Neal and Mr. Campbell filed class action lawsuits against Synchrony alleging that it violated the TCPA by using an automatic telephone dialing system, or an artificial or prerecorded voice to place calls to cellular telephones without prior express consent. Synchrony denies the allegations, denies that it used an automatic telephone dialing system to place calls to class members, and denies that it violated the TCPA. The Court did not decide who is right or wrong. The parties have agreed to a settlement.

## Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

## Why is there a settlement?

Mr. Neal and Mr. Campbell, on the one hand, and Synchrony, on the other, agreed to settle the lawsuits to avoid the time, risk, and expense associated with them, and to achieve a final resolution of the disputed claims. The proposed settlement was reached after Mr. Neal, Mr. Campbell, and Synchrony attended a mediation. Under the settlement, participating class members will obtain a payment in settlement of the claims Mr. Neal and Mr. Campbell raised in the lawsuits. Mr. Neal and Mr. Campbell, and their attorneys, think the settlement is fair and reasonable.

## How do you know if your claims are included in the settlement?

This settlement resolves claims on behalf of the following class:

All persons and entities throughout the United States (1) to whom Synchrony Bank placed, or caused to be placed (either by one of its own employees or by an agent or vendor), a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from June 17, 2016 [the date of the preliminary approval order], (5) where the subject of the call was a Synchrony account that did not belong to the recipient of the call, and (6) where the recipient of the call did not provide Synchrony the telephone number to which it placed, or caused to be placed, the call.

## What does the settlement provide?

Synchrony will establish a settlement fund in the amount of $2.9 million to compensate members of the class. Out of the settlement fund will be paid:

a.      Settlement compensation to class members;

b.      Notice and administration costs;

c.      An award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval;

d.      Costs and expenses incurred litigating the claims in this matter, subject to the Court's approval; and

e.      Service awards to Mr. Neal and Mr. Campbell not to exceed $10,000 each (i.e., a total of $20,000), subject to the Court's approval.

Each class member who submits a timely and valid claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the $2.9 million settlement fund as it exists after deducting:

a.      Notice and administration costs;

b.      An award of attorneys' fees;

c.      Costs and expenses incurred by Mr. Neal and Mr. Campbell in litigating the claims in this matter; and

d.      Service awards to Mr. Neal and Mr. Campbell.

It is estimated that each participating class member will receive between $25 and $50. The actual amount each participating class member will receive may be more or less depending on the number of class members who submit timely, valid claims.

### How can you get a payment?

You must mail a valid claim form to the *Neal and Campbell v. Synchrony Bank* Settlement Administrator, [address], [city], [state] [zip code] postmarked by [month] [day], 2021. Or you must submit a valid claim through [website] by [month] [day], 2021.

### When will you be paid?

If the Court grants final approval of the settlement, settlement checks will be mailed to class members who timely mailed or submitted valid claim forms after the judgment in the lawsuit becomes final. If there is an appeal of the settlement, payment may be delayed.

### What rights are you giving up in this settlement?

If you fall within the class, you will give up your right to sue or continue a lawsuit against Synchrony and other released parties over the released claims, unless you exclude yourself from the settlement (opt out) by following the instructions set out in this notice before the opt-out deadline. Giving up your legal claims is called a release. Unless you formally opt out from the settlement, you will release your TCPA-related claims against Synchrony and other released parties.

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement on the settlement website, [website] or from the Clerk of the United States District Court for the Western District of North Carolina.

**How can you exclude yourself from the settlement (opt out)?**

You may exclude yourself (opt out) from the settlement, in which case you will <u>not</u> receive a payment, and you will <u>not</u> release your claims against Synchrony and other released parties. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator at the following address, postmarked by [month] [day], 2021:

*Neal and Campbell v. Synchrony Bank* Settlement Administrator
ATTN: EXCLUSION REQUEST
[address]
[city], [state] [zip code]

You must include in your request for exclusion your:

      a.    Full name;

      b.    Address;

      c.    Telephone number called by Synchrony demonstrating that you are a member of the class; and

      d.    A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Neal and Campbell v. Synchrony Bank* action."

You must sign the request personally.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a final fairness hearing on [month] [day], 2021, at [time]. The hearing will take place in the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, North Carolina 28202. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

The date of the final fairness hearing may change without further notice. Class members should check this settlement website, [website], or the Court's Public Access to Court Electronic Records (PACER) system to confirm that the date has not changed.

**Do you have to attend the hearing?**

No, there is no requirement that you attend the hearing. However, you are welcome to attend the hearing at your own expense. You cannot speak at the hearing if you have excluded yourself from the class because the settlement no longer affects your legal rights.

**What if you want to object to the settlement?**

If you do not exclude yourself from the settlement, you can object to the settlement, or any part of it, if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by [month] [day], 2021, to the Court <u>and</u> counsel for the parties at the following addresses:

<u>Court</u>
United States Courthouse
Charles R. Jonas Federal Building
401 West Trade Street, Room 210
Charlotte, NC 28202

<u>Class Counsel</u>
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
401 Congress Avenue
Suite 1540
Austin, Texas 78701

<u>Synchrony's Counsel</u>
Julia B. Strickland
Stroock & Stroock & Lavan LLP
2029 Century Park East
18th Floor
Los Angeles, California 90067

You must include in your objection your:

    a. Full name;

    b. Address;

    c. Documents establishing, or provide information sufficient to allow the parties to confirm, that you are a class member, including providing the cellular telephone number called;

    d. A statement of your specific objections;

    e. The grounds for your objection, as well as the identify any documents you would like the court to consider; and

    f. The name of your attorney, if you are represented by one.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Fairness Hearing, either in person or

through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

### By when must you enter an appearance?

Any class member who objects to the settlement and wishes to enter an appearance must do so by [date], 2021. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon class counsel and Synchrony's attorneys, at the addresses set forth below.

### What if you do nothing?

If you are a member of the class, you do nothing, and the Court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release any TCPA-related claims you have against Synchrony and other released parties. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against Synchrony and other released parties over the released claims.

### What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement, or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits from this settlement and the lawsuit will continue.

### Who are Mr. Neal's and Mr. Campbell's attorneys?

Mr. Neal's and Mr. Campbell's attorneys are:

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway
Ste. A-230
Boca Raton, FL 33487

Stephen Taylor
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897

The Court has appointed Mr. Neal's and Mr. Campbell's attorneys to act as class counsel. You do not have to pay class counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

**Who are Synchrony's attorneys?**

Synchrony's attorneys are:

       Julia B. Strickland
       Stephen J. Newman
       Stroock & Stroock & Lavan LLP
       2029 Century Park East, 18th Floor
       Los Angeles, CA 90067

**Before what Court is this matter pending?**

This matter is pending in the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, North Carolina 28202.

**Where can you get additional information?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at [website], by contacting class counsel, by accessing the Court docket in this case, for a fee, through the Court's PACER system, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of North Carolina, 401 West Trade Street, Charlotte, North Carolina 28202, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

Or, to obtain additional information about this matter, please contact:

*Neal and Campbell v. Synchrony Bank* Administrator
[address]
Telephone: [number]

Please do not call the Judge about this case. The Judge will not be able to give you advice about this case. Furthermore, neither Synchrony nor Synchrony's attorneys represent you, and they cannot give you legal advice.

**EXHIBIT 6**

**PRELIMINARY APPROVAL ORDER**

LA 52331893

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.: 3:17-cv-00022-KDB-DCK

Curtis Neal, *on behalf of himself*
*and others similarly situated*,

        Plaintiff,

v.

Wal-Mart Stores, Inc., d/b/a Walmart
and
Synchrony Bank, f/k/a GE Capital Retail Bank,

        Defendants.

_____

Roy Campbell *on behalf of himself*
*and all others similarly situated*,

        Plaintiff,

v.

Synchrony Bank,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING**

       This matter came before the Court on Plaintiffs' Motion for Preliminary Approval (the "Motion") of the proposed class action settlement (the "Settlement") of the above-captioned cases and all Actions related thereto. Based on this Court's review of the Motion, the Parties' Settlement Agreement and Release (Dkt. _____) (the "Agreement"), all other matters in the record and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

       1.    <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.      Jurisdiction.  The Court has jurisdiction over the subject matter of the Actions, the Parties, and all persons in the Settlement Class.

3.      Scope of Settlement.  The Agreement resolves all released claims alleged in the Actions and related thereto, as set forth in greater detail in the Agreement.

4.      Preliminary Approval of Proposed Agreement.  The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement.  Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. _____ to the Agreement), that notice is appropriate and warranted, meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice.

5.      Therefore, the Court grants preliminary approval of the Settlement.

6.      In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant, through a claims administrator, will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.

7.      Class Certification for Settlement Purposes Only.  The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons and entities throughout the United States (1) to whom Synchrony Bank placed, or caused to be placed (either by one of its own

2

employees or by an agent or vendor), a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from June 17, 2016 through the date of the Preliminary Approval Order, (5) where the subject of the call was a Synchrony account that did not belong to the recipient of the call, and (6) where the recipient of the call did not provide Synchrony the telephone number to which it placed, or caused to be placed, the call.

Excluded from the Settlement Class are the Judges to whom the Actions are assigned and any member of the Judges' staff and immediate family, as well as all persons who are validly excluded from the Settlement Class.

8.     In connection with this conditional certification, the Court makes the following preliminary findings:

(a)     The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b)     There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c)     Plaintiffs' claims appear to be typical of the claims being resolved through the Settlement;

(d)     Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e)     For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class;  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

3

9.      Class Representative.  The Court appoints Plaintiffs to act as class representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10.     Class Counsel.  The Court hereby appoints Aaron Radbil of Greenwald Davidson Radbil PLLC and Stephen Taylor of Lemberg Law, LLC as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

11.     Settlement Claims Administrator.  Angeion Group is hereby appointed as the Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

12.     Class Notice.  The Court approves the proposed plan for giving notice to the Settlement Class directly (using e-mail and post cards) and through a publication/media program and establishment of a Settlement Website, as more fully described in Plaintiffs' Motion and the Agreement ("Notice Plan").  The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances. The Court additionally finds that the proposed notices are clearly designed to advise the settlement class members of their rights. The Court hereby directs the Parties and the Claims Administrator to  cause notice to issue within forty-five (45) days of the date of the Preliminary Approval Order ("Notice Deadline") and in accordance with the terms of the Settlement Agreement.

13.     The Claims Administrator will file with the Court by no later than _____, proof that notice was provided in accordance with the Agreement and this Order.

14.     Final Approval Hearing.  At _____ on _____, **2021**, in Courtroom ____ of the United States Courthouse, _____, Charlotte, North Carolina, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the

4

fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied in the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service awards to Plaintiffs, should be granted, and in what amount. No later than thirty (30) days after the Notice Deadline, Plaintiffs must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service awards to Plaintiffs. No later than fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

15. <u>Opt-Out and Objection Deadline</u>. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by sixty (60) calendar days after the Notice Deadline. Persons in the Settlement Class may not both object and opt-out. If a person both requests to opt-out and objects, the request to opt-out will control.

16. <u>Exclusion from the Settlement Class</u>. To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out and Objection Deadline. Exclusion requests must: (a) be signed by the person in the Settlement Class who is requesting exclusion; (b) include the full name and address of the person in the Settlement Class requesting exclusion; and (c) include the following statement, or a statement materially similar to: "I request to be excluded from the settlement in the <u>Neal</u> action." No request for exclusion will be valid unless all of the foregoing information is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation

with that person (including, but not limited to, an attorney) in the Settlement Class, may exclude any other person or any group of persons from the Settlement Class.

17.     The Claims Administrator will retain a copy of all requests for exclusion.  Not later than _____, the Claims Administrator will file under seal with the Court a declaration that lists all of the exclusion requests received.

18.     If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

19.     All non-excluded Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

20.     <u>Objections to the Settlement</u>.  To object to the Settlement, Settlement Class Members must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline.  The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection:  Class Counsel – Aaron D. Radbil, Greenwald Davidson Radbil PLLC, 401 Congress Avenue, Suite 1540, Austin, Texas 78701; and to Synchrony's Counsel – Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 18th Floor, Los Angeles, California 90067.  An objection must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number called; (b) include a statement of such Settlement Class Member's specific objections; (c) state the grounds for objection, as well as identify any documents which such objector desires the Court to consider; and (d) if the Settlement Class Member is represented by an attorney, list all other cases in which the Settlement Class Member has filed an objection.

6

The Court will not consider an objection unless the objection includes all of the foregoing information.

21.     Any Settlement Class Member who fails to comply with Paragraph 20 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Actions or any other related action or proceeding.  All Settlement Class Members will be bound by all determinations and judgments in the Actions, whether favorable or unfavorable to the Settlement Class.

22.     For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy.  The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

23.     All Settlement Class Members who wish to receive a Settlement Award must submit a claim not later than _____, 2021, which is 75 calendar days after the Notice Deadline, in the manner set forth in the Settlement Agreement and the Notice Program.

24.     Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Actions are stayed.

25.     Pending the final determination of whether the Settlement should be approved, Plaintiffs and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties.  Such injunction will remain in force until the Court enters the Final Approval

7

Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person (s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement.

26. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Actions will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Actions or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class, Synchrony or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Actions or in any other proceeding.

27. In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, any money remaining in the Settlement Fund (including accrued interest), less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Synchrony within fifteen (15) calendar days of the event that causes the Agreement to not become effective.

8

28.     <u>No Admission of Liability</u>.  The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Synchrony, or the truth of any of the claims.  Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and the Final Approval Order.

29.     <u>Reasonable Procedures to Effectuate the Settlement</u>.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

30.     <u>Schedule of Future Events</u>.  Accordingly, the following are the deadlines by which certain events must occur:

|  | |
|---|---|
|  | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
|  | Deadline for filing of Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards |
|  | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
|  | Deadline for Settlement Class Members to Submit a Claim Form (Claim Deadline) |
|  | Deadline for Parties to file the following: <br> (1) List of persons who made timely and proper requests for exclusion (under seal); |

9

| | (2) Proof of Class Notice; and |
| | (3) Motion and memorandum in support of final approval, including responses to any objections. |
| | Final Approval Hearing |

IT IS SO ORDERED.


Dated: _____       _____
                                    Hon. Kenneth D. Bell
                                    United States District Judge

**EXHIBIT 7**

**FINAL APPROVAL ORDER**

LA 52331893

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO.: 3:17-cv-00022**

| | |
|---|---|
| Curtis Neal, *on behalf of himself and others similarly situated*, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Wal-Mart Stores, Inc., d/b/a Walmart and Synchrony Bank, f/k/a GE Capital Retail Bank, | ) ) ) ) ) |
| Defendants. | ) ) |
| Roy Campbell *on behalf of himself and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Synchrony Bank, | ) ) |
| Defendant. | ) ) |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

The Court having held a Final Approval Hearing on _____, 2021, notice of the Final

Approval Hearing having been duly given in accordance with this Court's Order (1)

Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying Settlement Class,

(3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval

Order"), and having considered all matters submitted to it at the Final Approval Hearing and

otherwise, and finding no just reason for delay in entry of this Final Judgment and good cause

appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

LA 52332566

1.     The Settlement Agreement and Release, including its exhibits, fully executed on

_____ ("Agreement"), and the definitions contained therein are incorporated by

reference in this Order.  The terms of this Court's Preliminary Approval Order (Dkt. No. _____)

are also incorporated by reference in this Order.

2.     This Court has jurisdiction over the subject matter of the Actions and over the

Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified for

settlement purposes in this Court's Preliminary Approval Order.

3.     The Settlement Class means:  All persons and entities throughout the United

States (1) to whom Synchrony Bank placed, or caused to be placed (either by one of its own

employees or by an agent or vendor), a call, (2) directed to a telephone number assigned to a

cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or

prerecorded voice, (4) from June 17, 2016 through the date of the Preliminary Approval Order,

(5) where the subject of the call was a Synchrony account that did not belong to the recipient of

the call, and (6) where the recipient of the call did not provide Synchrony the telephone number

to which it placed, or caused to be placed, the call.  Excluded from the Settlement Class are the

Judges to whom the Actions are assigned and any member of the Judges' staff and immediate

family, as well as all persons who are validly excluded from the Settlement Class.

4.     All Persons who validly excluded themselves from the Settlement Class are not

Settlement Class Members as that term is defined and used herein, and shall not be bound by this

Final Approval Order or any release provided herein.  A list identifying the ___ persons who

validly excluded themselves from the Settlement Class has been filed under seal with the Court

(see Dkt. Nos. ___ and ___).

2

5.      There are ___ objections to the Settlement. After consideration of all relevant factors, the Court finds that none of them are well-founded and that the Settlement, taken as a whole, is fair, reasonable and adequate to all concerned.  All objections are overruled.

6.      The Court hereby finds that the Agreement is the product of arm's-length settlement negotiations between the Plaintiffs and Class Counsel, on the one hand, and Synchrony and Synchrony's Counsel, on the other hand.

7.      The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Agreement and this Court's Preliminary Approval Order (Dkt. No. _____).

8.      The Court hereby finds and concludes that the Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and constitute the best notice practicable under the circumstances. The Court further finds that the Notice Program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

9.      This Court hereby finds and concludes that the notice provided by Synchrony pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

10.      The Court finds that the Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.  The Plaintiffs, in their roles as Class Representatives, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the

3

Agreement. Accordingly, the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

11. The Court specifically approves Class Counsel's application for attorneys' fees of $_____ - (representing ____% of the $2,900,000.00 Settlement Fund), which the Court finds to be fair and reasonable in this case. Additionally, Class Counsel is hereby awarded $_____ in costs of litigation. The award of attorneys' fees and litigation costs are to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

12. The Court finds the payment of service awards in the amount of $_____ to each of the two Settlement Class Representatives fair and reasonable. Accordingly, each of the Settlement Class Representatives is hereby awarded $_____, such amounts to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

13. The Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

14. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representatives are typical of the claims of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Synchrony.

4

15.     This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, all of the Actions.

16.     The Claims Administrator is directed to distribute the consideration to the Settlement Class pursuant to the terms of the Agreement.

17.     Plaintiffs and each and every one of the non-excluded Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement.  In addition, any rights of the Settlement Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code (and any other similar, comparable, or equivalent laws) are hereby terminated.

18.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.  This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, Settlement Class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

5

19.     The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Synchrony, or of the truth of any of the claims asserted by Plaintiffs, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, and/or this Order.

20.     In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Synchrony as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.  These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

6

21.     By incorporating the Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

22.     Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.  The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims or Plaintiffs and each and every Settlement Class Member.  The Clerk of the Court is directed to enter this Order on the docket forthwith.

23.     If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

24.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

25.     The Court retains jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Agreement and the Settlement, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims.


        IT IS SO ORDERED.


7

Dated: _____     _____
                                    Hon. Kenneth D. Bell
                                    United States District Judge

8