UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:17-cv-00022

| | |
|---|---|
| Curtis Neal, *on behalf of himself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Wal-Mart Stores, Inc., d/b/a Walmart and <br> Synchrony Bank, f/k/a GE Capital Retail Bank, <br><br> Defendants. <br><br> Roy Campbell *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Synchrony Bank, <br><br> Defendant. | **FINAL JUDGMENT AND ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Incentive Awards, (Doc. No. 122), and Unopposed Motion for Final Approval of Class Action Settlement, (Doc. No. 123). The Court held a Final Approval Hearing on March 18, 2021, after notice of the Final Approval Hearing was given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing. (Doc. No. 116)

("Preliminary Approval Order").[1]  The Court has carefully considered all matters submitted to it at the Final Approval Hearing and otherwise and will grant the motions.

The Court hereby finds, concludes, and orders as follows:

1. The Settlement Agreement and Release, including its exhibits, fully executed on October 2, 2020 ("Agreement"), and the definitions contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order (Doc. No. 116) are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Actions and over the Parties pursuant to 28 U.S.C. § 1332, including all members of the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order.

3. The Settlement Class means: All persons and entities throughout the United States (1) to whom Synchrony Bank placed, or caused to be placed (either by one of its own employees or by an agent or vendor), a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from June 17, 2016 through the date of the Preliminary Approval Order, (5) where the subject of the call was a Synchrony account that did not belong to the recipient of the call, and (6) where the recipient of the call did not provide Synchrony the telephone number to which it placed, or caused to be placed, the call. Excluded from the Settlement Class are the Judges to whom the Actions are assigned and any member of the Judges' staff and immediate family, as well as all persons who are validly excluded from the Settlement Class.

---

[1] The Final Approval Hearing was originally scheduled for March 15, 2021. However, due to lack of courtroom availability, the Court moved the hearing to March 18, 2021 and made it a telephonic hearing. Notice was updated accordingly, and court personnel was directed to alert chambers if any persons appeared on March 15 or otherwise for the Final Approval Hearing. No persons appeared to attend the hearing.

4. There are no objections to the Settlement.

5. The Agreement is the product of arm's-length settlement negotiations between the Plaintiffs and Class Counsel, on the one hand, and Synchrony and Synchrony's Counsel, on the other hand.

6. Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Agreement and this Court's Preliminary Approval Order (Doc. No. 116).

7. The Notice Program and claims submission procedures fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and constitute the best notice practicable under the circumstances. The Notice Program provided individual notice to all members of the Settlement Class who could be identified through reasonable effort and supports the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

8. The Settlement Administrator reports that it received otherwise valid Claim Forms after the March 1, 2021, claim deadline. The Court hereby accepts otherwise valid Claim Forms received as of the date of this order.

9. This notice provided by Synchrony pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

10. The Settlement's terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. The Plaintiffs, in their roles as Class Representatives, and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. Accordingly,

the Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Settlement Class Members who were not excluded from the Settlement Class are bound by the terms and conditions of the Agreement.

11. The Court approves Class Counsel's application for attorneys' fees of $966,666.67 (representing one-third of the $2,900,000.00 Settlement Fund), which the Court finds to be fair and reasonable under the particular circumstances in this case. Additionally, Class Counsel is hereby awarded $20,525.39 in costs of litigation. The award of attorneys' fees and litigation costs are to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

12. The Court finds the payment of service awards in the amount of $10,000 to each of the two Settlement Class Representatives is fair and reasonable. Accordingly, each of the Settlement Class Representatives is hereby awarded $10,000, such amounts to be paid from the Settlement Fund pursuant to and in the manner provided by the terms of the Agreement.

13. The Settlement Class described in paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order and Final Judgment.

14. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the Class Representatives are typical of the claims of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between the Settlement Class Members and Synchrony.

15. This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Agreement, all of the Actions.

16. The Claims Administrator is directed to distribute the consideration to the Settlement Class pursuant to the terms of the Agreement.

17. Plaintiffs and each and every one of the non-excluded Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims as provided for in the Agreement. In addition, any rights of the Settlement Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code (and any other similar, comparable, or equivalent laws) are hereby terminated.

18. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, Settlement Class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

19. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by Synchrony, or of the truth of any of the claims asserted by Plaintiffs.

20. In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Synchrony as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

21. By incorporating the Agreement and its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

22. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the

Federal Rules of Civil Procedure. The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims or Plaintiffs and each and every Settlement Class Member. The Clerk of the Court is directed to enter this Order on the docket forthwith.

23. If an appeal, writ proceeding or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Settlement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Settlement.

24. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement.

25. The Court retains jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the Agreement and the Settlement, which includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law, to enforce the above-described bar on and injunction against prosecution of any and all Released Claims.

**IT IS SO ORDERED.**

*[Signature]*

Kenneth D. Bell
United States District Judge

7

Case 3:17-cv-00022-KDB-DCK   Document 126   Filed 03/19/21   Page 7 of 7